## SIMMS v. SOUTH CAROLINA RAILWAY COMPANY.

1. The trial judge erred in charging the jury as matter of law that it was the duty of the conductor of a railroad train to assist passengers to alight at the station of their destination. The judge should have left it to the jury to say whether a failure to render such assistance was negligence under the circumstances. MR. JUSTICE McIVER *doubted* whether even the jury could consider such failure as an element of negligence.
2. That degree of care which exonerates a person from contributing to the negligence that has caused him his injury, does not depend upon his age or physical or mental condition, but must be measured by some common standard, and that standard is—a prudent, reasonable man in possession of ordinary senses and capacities. *Renneker* v. *South Carolina Railway Company*, 20 S. C., 219, approved.
3. An exception imputing error to the judge in failing to qualify a general charge, not considered—the attention of the trial judge not having been directed at the time to the desired qualification.

Before WITHERSPOON, J., Berkeley, June, 1886.

The opinion states the case.

*Messrs. Brawley & Barnwell*, for appellant.

*Messrs. Mitchell & Smith* and *J. N. Nathans*, contra.

September 20, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This case involves that perplexing question, negligence, and it arises out of the following general facts: The respondent was a passenger on the appellant's railroad from Charleston to Summerville, the latter point being her destination. As the train approached Summerville the conductor "called out Summerville," and the passengers destined to that place prepared to disembark, the respondent among them. After stopping and remaining, as it is alleged,

the usual time, the train moved on ; as it began to move forward the respondent, who was on the steps or platform of the rear car preparing to alight, perhaps becoming alarmed or agitated, jumped from the moving car, fell, broke her arm, and was otherwise injured, for which injury the action below was instituted, alleging negligence in the employees of the company.

At the trial, various requests to charge were made to the presiding judge, both by the respondent, plaintiff, and the defendant, appellant, most of which his honor charged, and there being no appeal from several of them, it will not be necessary to mention or consider them all. In addition to responding to these requests, his honor made a general charge covering the whole case, which in the main was entirely fair, just, and legally correct. There was, however, in our opinion, one important error, which is fatal to the judgment rendered, and which necessitates a new trial.

The first exception of appellant is as follows: "Because his honor erred in charging the jury that it was the duty of the conductor to assist the passengers out of the train." His honor, in discussing the legal propositions involved, among other things, said : "If he, the conductor, gave her (the plaintiff) sufficient notice on approaching the station that that was her point of destination, it was her duty to have got ready to have got out, *and it was his duty to assist the passengers out*, especially any that were aged, helpless, and infirm. Did he assist the passengers out, or was he careless in his duties on that occasion ?" &c. Inasmuch as it was apparent from the testimony that the conductor did not assist the plaintiff in alighting from the car, by any personal and direct act of assistance, the jury under this charge could not have done otherwise than find for the plaintiff. Because here was an announcement by the judge that the law required such assistance to be rendered, and consequently that the absence of such assistance was negligence.

Negligence, as we understand it, is in the main a question of fact, or rather whether it exists or not in a special case is a question of fact for the jury. All that the law has ever determined on the subject is, that it consists in failing to bestow due care to the matter in hand ; failing to do that which due care requires to

be done, or doing that which said care forbids.    This is about all
that a judge can ordinarily say to the jury as to the law of neg-
ligence.   Whether the facts proved show the absence of this care,
is for the jury, untrammelled by any expression of opinion from
the judge.   Now, it seems to us that his honor here went beyond
this rule when he charged the jury, as matter of law, that it was
*the duty of the* conductor to assist the passengers off.   He ought
to have left this to the jury. It was their province to say whether
failing to assist the plaintiff under the circumstances surrounding
her and him, the conductor failed to bestow that care which the
matter reasonably demanded at his hands.

The appellant excepted secondly: "Because his honor erred in
charging the jury that it was the duty of the conductor to espe-
cially assist the passengers out who were 'aged and helpless and
infirm,' without the necessary qualification that notice of such
age, helplessness, or infirmity must be brought home to the con-
ductor by the passenger, or the conductor be proven to have had
knowledge of the same."    Negligence, as we have said, being
defined in law to be the absence of due care, it is, of course, a
relative matter, and therefore what would be negligence in one
case might not be so in another.    But the whole question, where
the case escapes a demurrer or non-suit, is for the jury upon all
the testimony.    And inasmuch as we think it was error for the
judge to charge as he did, that it was the duty of the conductor
to personally assist the plaintiff in attempting to leave the car,
this error would not have been cured even if the qualification
suggested had been made.    What we desire to be understood as
saying is this, that the fact that a conductor fails to assist a pas-
senger in disembarking from the car, cannot be laid down in law
as constituting in itself negligence, but it is a fact which may go
to the jury with the other facts, including a want of knowledge
on the part of the conductor of the age and infirmity of any pas-
senger, as circumstances for them to consider in determining the
question whether due care had been observed or not.    And it is
the province of the jury to decide the force and effect of such
testimony and not for the judge.

The third exception complains: "That his honor erred in
charging the jury without qualification, that the reasonable time

which it was the duty of the defendant to give passengers upon stopping to alight from its train at any station, must be in reference to the person, whether it be a child or a hale man—an aged person or decrepit person—they must have time with reference to their physical condition." The qualification deemed necessary is not mentioned, nor does it appear that the attention of the judge was drawn to any especial qualification desired by appellant. There is no complaint because of the fact that the judge charged the general proposition as to reasonable time, it is only that this proposition was charged without qualification, but the qualification desired was not requested at the time of the charge. We therefore pass this exception by.

The fourth and last exception refers to contributory negligence. The defendant requested the judge, in substance, to charge that what would be due care in one so as to shield him from contributing to his own injury, might not be so as to another; that this matter depended upon the condition of the person. In other words, that what might not be an imprudent or rash act, looking to its consequences, in one in the full possession of his physical and mental faculties, might be so in one deficient in this regard. In the case of *Renneker* v. *S. C. Railway Company* (20 *S. C.*, 219), Mr. Justice McGowan, in delivering the opinion of the court, announced what we think is the correct principle in such cases as follows: "Where the rights and obligations of one party are made to turn upon the proper caution of another, it would seem that there should be some common standard by which to test the fact, and we know of none more practicable other than that of a prudent, reasonable man in possession of the ordinary senses and capacities. When arrangements are made, suitable and proper for such persons, nothing more should be required, and one falling below this standard, either physically or mentally, should be cautious and prudent in proportion to such defect. Railway companies, though held to a high degree of care, do not insure the safety of passengers under all circumstances."

It is the judgment of this court, that the judgment of the Circuit Court be reversed.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE MCIVER, *concurring in the result.* I do not understand that there is any *legal* duty resting upon the conductor of a railway train to assist the passengers in leaving the cars. It is true, in one sense of the word, it may be the duty, not only of the conductor, but also of any gentleman standing by, to assist a lady or an infirm person in leaving the cars; but that is not such a duty as a court of law takes cognizance of, or undertakes to enforce, but rests rather on considerations of politeness or humanity. I am not prepared, therefore, to say that the failure of a conductor to assist a passenger in leaving the cars is one of the circumstances to be considered by the jury in determining the question of negligence.

Judgment reversed.