TOMPKINS v. RAILROAD COMPANY.

In action against a railroad company to recover land upon which the company has built its road, the complaint fails to state facts sufficient to constitute a cause of action, where it omits to allege that the defendant entered upon the land without taking the necessary steps preliminary to such entry.  An allegation of entry without the owner's consent is not sufficient, as such consent is not required by law, and allegations of unlawful possession are mere statements of legal conclusions, and not of traversable facts.

Before NORTON, J., Edgefield, November, 1889.

Action by Stephen S. Tompkins and others against the Augusta & Knoxville Railroad Company and the Port Royal Railroad Company, for the recovery of real property.  The opinion states the case.

*Messrs. Jos. Ganahl* and *J. C. Sheppard*, for appellant.

*Mr. Ernest Gary*, contra.

June 30, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiffs, by their complaint, allege that they were seized and possessed of certain'lands described in the complaint during the year 1870, and for many years prior thereto; that the Augusta & Knoxville Railroad Company, a duly chartered corporation, on or about the 15th of November, 1881, "entered into and upon said premises, and unlawfully, and against the consent of said plaintiffs, took possession thereof for the purpose of constructing and operating a railroad upon and over" said lands: "that the said Augusta & Knoxville Railroad Company is now in the unlawful possession" of said land, "and unlawfully withholds the same from plaintiff;" and that the Port Royal Railroad Company, a body politic and corporate under the laws of this State, is the lessee of the Augusta & Knoxville Railroad Company, and is, for that reason, made a party defendant to this action. Upon these allegations the plaintiffs demand judgment for the possession of said lands and for costs and disbursements. To this complaint defendants interposed an oral demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, which being overruled, the defendants appeal upon the ground of error in overruling the demurrer. So that the single question presented is whether the facts stated in the complaint are sufficient to constitute a cause of action.

The allegation in a complaint that the defendant has done an unlawful act, as, for example, has unlawfully entered upon the lands of plaintiffs, is a mere statement of a legal conclusion, unless it is accompanied with an allegation of facts going to make the act in question unlawful. Hence, so much of the statements in this complaint as declares that defendant "unlawfully" took possession of the lands in question, and is now in the "unlawful" possession of the same, and "unlawfully" withholds the same from plaintiffs, goes for nothing, unless we can find in the complaint allegations of fact which show these acts to be unlawful. The only facts stated in the complaint tending that way are the facts that plaintiffs were seized and possessed of the lands in question, and

that defendants "entered into and upon said premises * * * against the consent of said plaintiffs" and "took possession thereof for the purpose of constructing and operating a railroad upon and over" said lands. So that the inquiry is narrowed down to the question, whether an allegation that a railroad company has, against the consent of the owner of lands, entered upon the same for the purpose of constructing and operating a railroad, is sufficient to constitute a cause of action for a trespass in thus intruding upon the premises of another.

It is clear that such an allegation is not sufficient, for if it were, then a railroad company could never enter upon the lands of another for the purpose of constructing and operating a railroad against the consent of the owner, and yet the statute expressly provides a mode by which this may be done, either with or without consent of the owner, which shows conclusively that the mere naked allegation that the entry was without or against the consent of the owner, is not sufficient. In the General Statutes (§§ 1550-1561) specific provisions are made, whereby a corporation desiring to construct a railroad or other like structure may obtain the right of way over the lands of another, either with or without the consent of the owner; and if the land-owner does not consent, and the corporation fails to pursue the mode prescribed in such case, then we can understand how it may become a trespasser, and, as such, liable to an action by the land owner; but until it does appear by admitted allegations, or by proof, that the corporation has neglected to do some one or more of the acts prescribed as a condition precedent to the right of entry against the consent of the land-owner, it cannot properly be said that any trespass has been committed.

Now, in this complaint there is no allegation that the railroad company neglected or refused to do any one of the acts required by the statute as a condition precedent to its right of entry against the consent of the plaintiffs. For example, the first step required by the statute was for the company to give notice in writing to the land-owner that the right of way over his land was required for the purpose of constructing and operating the railroad; but the complaint contains no allegation that the company omitted to give such notice, and this, it seems to us, was fatal;

for such an allegation of fact would have been traversable, and unless sustained by proof would have defeated the action. On the contrary, there is practically nothing in the complaint but the bare allegation that the entry was "against the consent of said plaintiffs," which, as we have seen, is not sufficient; for such an entry is not necessarily unlawful, and does not, without more, constitute the defendant a trespasser. It seems to us, therefore, that the Circuit Judge erred in overruling the demurrer.

The judgment of this court is, that the order of the Circuit Court, which is appealed from, be reversed.