MADDEN v. PORT ROYAL &c. RAILWAY COMPANY.

1. COMPLAINT—NEGLIGENCE.—In action to recover damages for personal injuries to the plaintiff, the complaint states facts sufficient if it alleges the injuries received by plaintiff, and facts from which negligence of the defendant may be reasonably inferred by the jury.

2. IBID.—IBID.—A complaint states facts sufficient to constitute a cause of action where it alleges that the defendant, a railroad company, failed to stop its train at the usual place of stopping at the station to which plaintiff, a passenger, had bought her ticket, and provided no footstool, as was its custom, to assist her in getting off, knowing her to be in a delicate state of health, whereby, in the short time allowed her, she was forced to jump quite a distance to the ground and was thereby injured.

3. CASES CRITICISED.—*Renneker* v. *South Carolina Railway Company*, 20 S. C., 222, and *Simms* v. *South Carolina Railway Company*, 27 S. C., 271, approved, but held to be inapplicable to the facts of this case.

4. COMPLAINT—PROBATIVE FACTS.—Allegation of defendant's knowledge of plaintiff's delicate condition was sufficient, without a statement of the probative facts to show such knowledge.

Before HUDSON, J., Laurens, September, 1891.

This was an action by Dora Madden against the Port Royal & Western Carolina Railway Company, commenced January 21, 1891. The opinion states the case.

*Messrs. Joseph Ganahl* and *Simpson & Barksdale*, for appellant.

*Messrs R. C. Watts, Westmoreland & Haynsworth,* and *F. P. McGowan,* contra.

March 2, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The only question presented by this appeal is whether the Circuit Judge erred in overruling the demurrer based upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Looking into the complaint for the purpose of determining this question, we find that the plaintiff was a passenger on defendant's train and that her destination was High Point, in the County of Laurens, South Carolina, where she alleges she received injuries in getting off the train, by reason of defendant's negligence, and she brings this action to recover damages for the injuries thus sustained. The allegations which are demurred to as insufficient to state any cause of action are those contained in the 4th, 5th, and 6th paragraphs of the complaint, which read as follows: "IV. That it was the duty of the defendant, common carrier, to have a suitable stopping place at the station at High Point, and to provide a foot-stool at the steps of said car for the use of passengers alighting from said train. V. That at the time aforesaid the defendant in carrying the said plaintiff as a passenger, negligently failed to stop its train at the usual stopping place at High Point, but stopped some distance from said usual stepping place, at a point where the distance from the steps of said train to the ground was considerable and unsafe; the said defendant, well knowing that the said plaintiff was a lady in delicate health, and that it was dangerous for said plaintiff to alight from the train without the use of the footstool which was not provided for her, although it was the duty and custom of the defendant so to provide. VI. That in consequence of the negligence of the defend-

ant as aforesaid, and in consequence of said train stopping only a very short time, the plaintiff, at said time and place, in alighting from said train, was compelled to jump from said train to the ground, and in so doing was much injured in her person by the displacement of her womb."

To sustain an action like this, it is necessary for the plaintiff to allege and prove that she has been injured in her person by the negligence of the defendant; the cause of action being the negligence of the defendant, whether of omission or commission, followed by some injury resulting therefrom. There being no question that the fact of injury is sufficiently alleged in the complaint, the only inquiry is, whether the other element in the cause of action—the negligence of the defendant causing the injury—has likewise been sufficiently alleged. Negligence being a mixed question of law and fact, it is not sufficient to allege in general terms that an injury has been sustained by reason of the negligence of the defendant, but the plaintiff must go on and allege the facts constituting such negligence which, if believed by the jury, would be sufficient to warrant a finding that the defendant had been guilty of negligence. So that the real inquiry here is, whether the facts stated in the complaint as constituting negligence, are such as if believed by the jury, negligence *may be* reasonably inferred by the jury, it being exclusively for the jury to say whether negligence *ought to be* inferred from such facts. This is the principle laid down in *Hooper* v. *Railroad Company*, 21 S. C., at page 549, in reference to a question of non-suit, and approved in several subsequent cases—*Couch* v. *Railroad Company*, 22 S. C., at page 562–3; *Kaminitsky* v. *Railroad Company*, 25 *Id.*, at page 59; and *Simms* v. *Railway Company*, 26 *Id.*, at page 495. The same principle, as it seems to us, applies in the consideration of the question whether a complaint states facts sufficient to constitute a cause of action. If the facts stated are such as from them negligence may be reasonably inferred by the jury, that is sufficient; and it is not necessary, or even proper, for the court to go further and inquire whether from such facts negligence *ought to be* inferred.

The facts stated in the complaint as tending to show negligence on the part of the defendant are, that the plaintiff being a pas-

senger on defendant's train, well known to defendant as a lady in delicate health, and that it was dangerous for her to alight from the train without the aid of a footstool, which it was the custom of defendant to provide, defendant did not stop its train at the usual stopping place at High Point station, the destination of plaintiff, but stopped the train some distance from the usual stopping place, at a point where the distance from the steps to the ground was such as to render it unsafe for a person in the condition in which the plaintiff was known to be by defendant, to alight from the train without the aid of a footstool, which was not provided, by reason of which facts and the further fact that the train stopped only a short time, plaintiff was compelled to jump from the train to the ground, and in so doing sustained the injuries complained of. If these facts should be established to the satisfaction of the jury, and nothing more should appear, we cannot undertake to say that the jury might or could not infer negligence on the part of defendant; but whether they ought to draw such an inference, is a question as to which we have neither the right nor the disposition to express or even intimate any opinion.

While we fully endorse the rule as laid down in *Renneker* v. *South Carolina Railway Company*, 20 S. C., at page 222, and recognized in the subsequent case of *Simms* v. *Railway Company*, 27 *Id.*, at page 271, as to the standard by which the duty of a railroad company to provide for the security and safety of persons entering or leaving its trains is to be tested, yet we do not see its application to a case like the present, where the allegation is not only that the infirmity of the plaintiff was well known to the defendant, but also that it was dangerous for her to alight from the train without the aid of a footstool, which it was the custom of defendant to provide, but which was not provided in this instance. The allegation of knowledge on the part of defendant was sufficient without going on to state the probative facts necessary to sustain such allegation. It seems to us, therefore, that there was no error on the part of the Circuit Judge in overruling the demurrer.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.