## McADAMS v. ROBINSON.

1. VOID PROCEEDINGS—MORTGAGE—ESTOPPEL.—Under proceedings in the Probate Court for settlement of an intestate's estate, his land was purchased by his widow and administratrix, who paid her bid by receipting to the probate judge for the amount due on her second mortgage and also due on the first mortgage of defendant, who consented thereto, taking at the same time a new mortgage from this purchaser. This widow afterwards made another mortgage to B, reciting that defendant's mortgage was the only prior encumbrance. Subsequently the widow assigned her mortgage against intestate to plaintiff, he having been informed that it was satisfied, after which defendant purchased B's mortgage and took titles from the widow to the land. In action by plaintiff for foreclosure, the defence was payment. *Held*, that even if the proceedings in the Probate Court were void, the widow and her assignee were estopped from asserting the mortgage which she once held against this land, and that the proceedings of said court were admissible to show that plaintiff's mortgage was paid. The question of title is not involved.

2. EVIDENCE.—A conversation between defendant and the widow, before her assignment to plaintiff, leading up to the arrangement between defendant and herself, was competent evidence.

Before IZLAR, J., Abbeville, June, 1890.

Action of foreclosure by R. O. McAdams and W. N. McAdams, administrators of Robert McAdams, deceased, against John A. Robinson. The master, J. C. Klugh, Esq., found the facts and reported his conclusion therefrom, as stated in the opinion. The Circuit decree was as follows:

This case was heard before me on the pleadings and all other proceedings had in the cause, including the testimony taken by the master, the master's report, and the exceptions of the plaintiffs thereto. From a careful consideration of the case and the exceptions to the master's report, I am satisfied that the conclu-

25—35

sions reached by the master are fully sustained by the testimony, and that his report should be confirmed.

As to the exceptions relating to the jurisdiction of the Probate Court, and the decree thereof, under which the lands of Hezekiah L. Clinkscales, deceased, were sold to aid the personal assets in paying his debts, it may be remarked that the Probate Court certainly had jurisdiction of the subject-matter, and, in my opinion, of the person of the defendant also. The defendant appeared in the action and filed a verified answer. Actions in the Probate Court may be commenced by petition or complaint, and if the defendant by his attorney accepts service of the petition or complaint, and afterwards files his verified answer thereto, I am of opinion that the court would obtain jurisdiction of the person of the defendant, and that such defendant would be bound by any judgment rendered in the action, even though no summons was ever issued or served. And it may be further remarked, that the petitioner, Carrie Clinkscales, in going into the Probate Court, selected her forum, and by filing her verified petition therein, submitted herself to its jurisdiction. She cannot now complain of either the jurisdiction or the judgment of said court. Have the plaintiffs herein any higher or other rights in these respects than the petitioner, Carrie Clinkscales, in whose shoes they claim to stand? If so, I fail to see it.

It is therefore ordered and adjudged, that the several exceptions of the plaintiffs to the master's report be, and the same are hereby, overruled, and that the said report be, and the same is hereby, confirmed and made the judgment of this court. Let judgment be entered accordingly.

Plaintiffs appealed.

*Messrs. Graydon & Graydon*, for appellants.

*Messrs. Benet & Cason*, contra.

March 2, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The action in this case was brought to foreclose a mortgage of real estate, and the defence

was payment of the mortgage debt.  The facts necessary to a proper understanding of the questions presented by the appeal, as gathered from the master's report and the testimony set out in the "Case," seem to be as follows: On the 19th of May, 1883, one H. L. Clinkscales executed a mortgage of a tract of land to his wife, Carrie Clinkscales, to secure the payment of his note to her for $1,000.   At that time the said tract of land was covered by a senior mortgage given to the defendant herein by said H. L. Clinkscales.   Soon after the execution of the mortgage to his wife, H. L. Clinkscales died intestate, and his widow administered upon his personal estate, entering into bond with Robert McAdams, plaintiffs' intestate, as her surety.   Under proceedings instituted by the said Carrie Clinkscales, as administratrix as aforesaid, in the Court of Probate, to sell land for the payment of the debts of her intestate, the land in question was offered for sale by the judge of probate on salesday in December, 1883, and bid off by said Carrie Clinkscales, who received titles therefor from the judge of probate on the 8th day of December, 1883. On the same day, Robinson, the defendant herein, acknowledged satisfaction in full of his mortgage above referred to from Mrs. Clinkscales, and took a new mortgage from her to secure the payment of the amount of his original debt.   On the 7th of December, 1883, Mrs. Clinkscales, as administratrix, executed the following receipt: "Dec. 7, 1883.   Received of J. Fuller Lyon, J. P. C., seventeen hundred and nineteen dollars and seventy cents, to be applied to mortgages of Dr. J. A. Robinson and Carrie Clinkscales."

Some time in December, 1886, Mrs. Clinkscales assigned to Robert McAdams the note and mortgage first above mentioned from H. L. Clinkscales to Carrie Clinkscales, to indemnify him against any liability which he might incur as surety upon the administration bond of said Carrie Clinkscales, and this assignment was entered upon the record of said mortgage on the 20th December, 1886.   Previous to this, to wit, on the 24th of April, 1885, Mrs. Clinkscales executed a mortgage on the same land to Bleckley, Brown & Fretwell, in which the following clause is found: "I do hereby guarantee and represent that no other liens exist against the above described land, except one in favor of Dr. J. A.

Robinson, on which there are now about seven hundred dollars due." This mortgage was assigned to Robinson, defendant herein, on the 17th of July, 1888, and on the same day Mrs. Clinkscales conveyed the said land to the said Robinson.

Upon the settlement of the estate of H. L. Clinkscales, it was ascertained that Mrs. Clinkscales, as administratrix, was due the estate the sum of $317.08, which was paid by said Robert McAdams as her surety, and it is for this amount that he seeks foreclosure of the mortgage assigned to him as indemnity as aforesaid. It appears also from the testimony, that before Robert McAdams took the assignment of the said mortgage, he was informed by the judge of probate that it had been satisfied by the proceedings in the Probate Court which were shown to him. From an inspection of these proceedings, it appears that there was no summons issued, but that Mrs. Clinkscales, as administratrix as aforesaid, filed her complaint, duly sworn to by her, on the 12th of November, 1883, praying for the sale of the land in aid of the personalty for the payment of debts, upon which appears the following endorsement: "Personal service of within complaint this day accepted. November 12, 1883. W. H. Frierson, defendant's attorney." On the same day Robinson filed his verified answer, and the order of sale was immediately made.

The master made his report, finding that the mortgage transferred to Robert McAdams was paid and satisfied before such transfer was made, and recommended that the complaint be dismissed. Upon this report and the exceptions thereto filed by plaintiffs, the case was heard by his honor, Judge Izlar, who rendered judgment overruling the exceptions and confirming the report of the master. From this judgment plaintiffs appeal upon the several grounds set out in the record.

The counsel for appellants rest their argument here solely upon the ground that the absence of a summons, initiating the proceedings in the Court of Probate, rendered all such proceedings absolutely void, and that, therefore, they were not admissible in evidence. Even if it be conceded that those proceedings were void (a matter as to which we do not deem it necessary now to express any opinion), we do not see that the conclusion sought to be drawn therefrom would necessarily follow.

In this action the plaintiffs claim under Carrie Clinkscales, and anything that would estop her from enforcing the mortgage which they are seeking to foreclose would have the like effect upon them. So that even granting that those proceedings were absolutely void as a judgment (which, however, we are not to be understood as deciding), we do not see why that should affect their admissibility as evidence of the acts and declarations of plaintiffs' assignor. As the master very properly says, this case does not present a question of title to the land covered by the mortgage sought to be foreclosed, but the only question is one of payment—whether such mortgage has been satisfied. If the question of title were involved, then the inquiry as to the validity of those proceedings would become very pertinent; but as the question, whether the defendant Robinson has a valid title, is not now presented, and could not be considered for the want of necessary parties, it seems to us wholly immaterial whether those proceedings are valid or invalid.

The only question here being one of payment, if the papers constituting those proceedings contain any evidence tending to show, from the acts or declarations of the original mortgagee, Mrs. Clinkscales, that she had received or acknowledged payment of her mortgage. they were just as competent evidence as her formal receipts or letters would have been; and certainly the receipt signed by Mrs. Clinkscales, a copy of which is set out above, which, according to the testimony, was found on the cash book of the judge of probate, was just as competent evidence to show satisfaction of the mortgage as if it had been found on a loose slip of paper, or contained in a letter to the judge of probate. We agree with the master and the Circuit Judge, that the question was one of payment and not of title. The action being for the foreclosure of a mortgage, to which the only defence interposed was payment of the mortgage debt, we do not see how any question of title could arise. For the doctrine is unquestionable, that whatever a creditor chooses to accept as payment, shall operate as such.

So that even if it should be conceded that the proceedings in the Court of Probate were void (which, however, we again repeat, we are not to be regarded as deciding), yet if Mrs. Clinkscales,

who commenced those proceedings, chose to accept the title acquired under the sale by the judge of probate, in satisfaction of her mortgage, which she undoubtedly did, her mortgage must be regarded as satisfied. But in any event, neither she nor her assignees, especially when they had notice, as is shown to be the fact in this case, would be permitted to set up her mortgage in face of the fact, that the defendant herein had been induced by her conduct, and, indeed, as the testimony shows, by her persuasions, to surrender his unquestioned senior lien and take another junior in date to the Clinkscales's mortgage, under the representation that the last mentioned mortgage had been satisfied; and had further been induced to take up the junior mortgage to Bleckley, Brown & Fretwell by the representation contained therein, that there was no other lien upon the premises in question, except the lien which Mrs. Clinkscales had given to the defendant Robinson when she bought the land at the judge of probate's sale. To allow this would be a gross fraud upon the defendant Robinson, which no court would for a moment countenance.

One of the exceptions complains of error in admitting the testimony of the defendant as to statements made to him by Mrs. Clinkscales. As this exception was not alluded to in the argument here, we do not know upon what view it is based.

This conversation between Mrs. Clinkscales and defendant Robinson occurred long before she had undertaken to assign her mortgage to the plaintiffs' intestate, and before the sale made by the judge of probate, when Mrs. Clinkscales was the owner and holder of the mortgage now sought to be foreclosed, and we can conceive of no reason why the conversation, leading up, as it did, to the arrangement between those parties, whereby Mrs. Clinkscales was enabled to use the senior mortgage of Robinson, in complying with her bid at the sale by the judge of probate, was not entirely competent. Indeed, as the exception was not pressed, or even alluded to in the argument, we suppose it was abandoned; but as that was not stated, we have no right to so regard it, and hence have felt bound to consider and dispose of it.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.