## RIVERS v. BRADLEY et al.

(Circuit Court, D. South Carolina. December 23, 1892.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP.
    A citizen of Massachusetts, who resides with his family in that state most of the year, but owns valuable real estate in South Carolina, where he comes once a year, or, at the furthest, two years, and spends a month, may remove from a South Carolina court to a federal court a suit brought against him by a citizen of South Carolina.

2. SAME—NOMINAL PARTY—ENGINEER OF A RAILROAD TRAIN.
    In an action by a train hand against the owner of a railroad for personal injuries, the engineer of the train being joined as a defendant, it was alleged that the injury was caused by the defective sight and hearing of the engineer, and "by a broken bumper on one of the cars which the defendants [plural] had negligently permitted to remain broken." No facts were alleged showing that it was the duty of the engineer to control the cars, to see that they were in good repair, or that he had any supervision over the train in the capacity of conductor. *Held,* that the engineer was a merely nominal party, and the other defendant could remove the cause to a federal court on showing diversity of citizenship. Nelson v. Hennessey, 33 Fed. Rep. 113, followed.

At Law. Action brought in the court of common pleas for Berkeley county, S. C., by Thomas B. Rivers against William L. Bradley and one Gaillard, for personal injuries. Defendant Bradley removed the cause to the United States circuit court. On motion to remand. Denied.

Jervey & Prolean, for the motion.
Lord & Burke, opposed.

SIMONTON, District Judge. This is a motion to remand. The action began in the court of common pleas for Berkeley county in the state of South Carolina. It was removed into this court upon the petition of the defendant Bradley. There are in fact two petitions for removal, but they will be consolidated. Two grounds are set up: First. That plaintiff is a citizen of South Carolina, and that Bradley, the only real party in interest, is a citizen of the state of Massachusetts; that against Gaillard, the other defendant, the complaint sets out no cause of action, and that he is joined as a defendant simply to defeat the jurisdiction of this court. Second. Even if there be a cause of action against Gaillard, the complaint shows a separable controversy between Bradley and the plaintiff, and so is removable. On his motion to remand, plaintiff traverses all the allegations of the petitions.

1. It is admitted that Bradley is a citizen of Massachusetts, and resides with his family in that state for the greater part of the year; that he owns valuable real estate in the state of South Carolina, upon which is a comfortable dwelling; and that once a year, or, at furthest, two years, he comes and spends about a month in it. This fact does not make him in any sense a resident of South Carolina, or deprive him of his right as a citizen of Massachusetts of the privilege of removing a suit into this court.

2. In determining the first ground for removal of the case into this court we must be governed by an inspection of the complaint, assum-

ing that its allegations are true. Railroad Co. v. Grayson, 119 U. S. 240, 7 Sup. Ct. Rep. 190. Does the complaint state a cause of action against Gaillard? The action is for damages sustained by plaintiff, a trainhand on a railroad owned by Bradley, who was crushed between two cars and injured by and because of a broken bumper. The complaint alleges that Bradley is the owner and master of certain phosphate works operated for the digging, mining, removing, and shipping phosphate rock; that in the prosecution of his business a railway and cars propelled by steam are run over his lands; that Gaillard was employed by Bradley as engineer, and was charged with the duty of operating and controlling the steam engines while hauling trains of cars, shifting cars, making up trains, and otherwise engaged at and about the works aforesaid; that plaintiff was train hand or assistant to Gaillard; that at the time of the injury to plaintiff, and for a long time prior thereto, Gaillard was very deaf, and of quite defective vision; that, notwithstanding his knowledge of this, Bradley negligently appointed and kept him as engineer; that on the 12th April, 1892, while plaintiff was engaged in his duties as train hand, he was crushed between two cars by reason of the defective vision and hearing of Gaillard, and the negligence of Bradley in appointing and keeping him as engineer. The next count alleges that the injury was caused by a broken bumper on one of the cars which the defendants had negligently permitted to remain broken. The only allegation against Gaillard is this last: "The injury was caused by a broken bumper on one of the cars which the defendants [plural] had negligently permitted to remain broken." Nowhere in the complaint is anything stated which would show the duty on the part of Gaillard to control the cars, to see that they were in proper condition and in good repair, or that he had any supervision over or direction of the train, such as a conductor would have. He held the position of engineer, and was charged with the duty of operating and controlling the steam engines while in use, his other duties being at and about the works aforesaid. Before he can be made responsible, the facts showing some duty on his part, and the breach of it, must be alleged; that is to say, what his duty was, and that it was not observed. The bald charge that plaintiff was injured by his negligence is simply the statement of a conclusion without any fact to base it upon. "The allegation in a complaint that the defendant has done an unlawful act is a mere statement of a legal conclusion, unless it is accompanied with an allegation of facts going to make the act in question unlawful." Tompkins v. Railroad Co., 33 S. C. 216, 11 S. E. Rep. 692. So in Madden v. Railway Co., 35 S. C. 383, 14 S. E. Rep. 713: "Negligence being a mixed question of law and fact, it is not sufficient to allege in general terms that an injury has been sustained by reason of the negligence of defendant, but the plaintiff must go on, and allege the facts of such negligence." It would seem, therefore, that in this complaint Gaillard has been made a defendant without words to charge him, and that he is only a nominal party. This brings the case within Nelson v. Hennessey, 33 Fed. Rep. 113, and the right of Bradley to remove cannot be impaired by the joinder of Gaillard as defendant. The motion to remand is refused.