6848

RICHARDSON v. AUGUSTA AND AIKEN RY. CO.

CARRIER—PASSENGER—ISSUES.—WHETHER A CONDUCTOR of a street car should, under all the circumstances as they appeared to him at the time, or as they should have appeared to a person exercising due care, have assisted a lady passenger to board a train, is a question for the jury.

MR. JUSTICE WOODS *dissents*.

Before HYDRICK, J. Aiken, April term, 1907. Affirmed.

Action by W. S. Richardson and Mrs. M. A. Richardson against Augusta and Aiken Railway Company. From judgment for plaintiff defendant appeals.

*Messrs. Geo. J. Jackson, Boykin Wright* and *J. B. Sally,* for appellant. Mr. Sally cites: 27 S. C., 268; 35 S. C., 384; 46 S. C., 203; 56 S. C., 205; 77 S. C., 374; 8 L. R. A., 299; 3 Id., 368; 74 Ia., 732; 18 L. R. A., 599; 4 A. S. R., 374; 48 A. R., 74; 60 A. R., 413; 97 A. D., 478; 6 Cyc., 611.

*Messrs. Davis, Gunter & Gyles* and *J. H. Tillman,* contra. *Messrs. Davis, Gunter and Gyles* cite: 27 S. C., 268; 35 S. C., 384; 46 S. C., 219; 53 S. C., 206; 5 Ency., 579.

April 8, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiffs, W. S. Richardson and Mrs. M. A. Richardson, are husband and wife, and the former is made a formal party. Mrs. Richardson insists in her complaint that she was injured while making an effort to board the train of the defendant and sues for ten thousand dollar damages for such alleged injuries.

The defendant denies that she was injured, as alleged by her, but says that if she was so injured it was on account of her contributory negligence.

The action came on to be heard before Judge Hydrick and a jury; both sides introduced testimony, and after the Judge's charge the jury rendered a verdict of eight hundred dollars in favor of the plaintiffs.

The defendant now appeals to this Court on one ground, and in that ground it alleges that the presiding Judge was in error in refusing to charge defendant's sixth request to charge, which was as follows:

VI. "The jury is further charged that it is not the duty of a conductor on a car to assist a passenger on and off the said car, unless said passenger is feeble or encumbered with heavy baggage or other impediments, and thus needs assistance. So, in this case, I charge you that unless the plaintiff, at the time alleged in the complaint, was in a feeble condi-

tion, or so encumbered with baggage or other impediments that she needed help to get on the car, and unless these facts were brought to the knowledge or attention of the conductor, it would not be negligence on his part to fail to assist her on the car."

The Circuit Judge, in his refusal to charge as requested, said: "I can not charge you that, gentlemen. This is a proposition of law in which the Supreme Court of this State stated, in another case, that where the conductor of a railroad train saw a lady undertake to board a car encumbered with heavy baggage, and heard her ask her husband to assist her into the car with the baggage, that it was the duty of the railroad to assist the lady in the car, or else give the husband ample time to help her in and get out. But I can not tell you, as a matter of law, that unless the conductor saw that she was encumbered with baggage, and all that kind of thing, that it was not his duty. I leave it to you as a question of fact, under all the testimony in the case, to say whether or not, under all the circumstances as they appeared to the conductor at the time, or as they should have appeared to a person in the exercise of that degree of care which the law requires him to exercise, he should have assisted the plaintiff upon the car. I leave that to you as a question of fact to be determined under all the testimony in the case, and if you say, as a matter of fact, that he should have assisted her upon the car, then it does not necessarily follow that his failure to do so was the cause of the injury. You might go further, because, as you will remember, I told you it is only negligence which is the proximate cause of a legal injury that will sustain an action at law."

We do not know that we can better express the duty of a conductor to a passenger than by citing the language of Chief Justice Simpson, in the case of *Simms* v. *Railway Company,* 27 S. C., 268, 269, 3 S. E., 301: "Negligence, as we understand it, is in the main a question of fact, or rather whether it exists or not in a special case is a question

of fact for the jury. All that the law has ever determined on the subject is that it consists in failing to bestow due care to the matter in hand; failing to do that which due care requires to be done, or doing that which said care forbids."

From the testimony here the following quotation is made:

"Q. Is it a rule of the company that conductors are required to assist ladies on the car? A. Yes. And you did not do it in this case? A. Oh, no— Q. Answer my question? A. I did not do it that time."

The appellants in this case practically adopt the language of the Court in the case of *Johnson* v. *Railway Company*, 53 S. C., 206, 31 S. E., 222. Reference to that case shows that the charge under consideration there had reference to the duty of a conductor to a female passenger, feeble and encumbered with heavy baggage.

It cannot be contended that the plaintiff in the case at bar was proved to have been either feeble or encumbered with heavy baggage. No excuse could have been had for the Circuit Judge in the case at bar adopting the language of this request, but the language employed by the Circuit Judge shows that he laid down the law carefully as to the duty of a conductor to a passenger. He had in view, no doubt, the case of *Madden* v. *Railway Company*, 35 S. C., 384, 14 S. E., 825, as well as the other cases just cited. A Circuit Judge is not required to include in his charge either abstract quotations of law or questions that can have no reference to the duty of the jury in the case under consideration.

There was no error here, and the exception is overruled.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *dissenting:* I am unable to concur in this judgment. The plaintiff fell or was thrown to the ground while in the act of boarding the defendant's trolley car. The defendant's counsel submitted this request to charge: "That it is not the duty of the conductor on a

car to assist a passenger on and off the said car, unless said passenger is feeble or encumbered with heavy baggage or other impediments, and thus needs assistance.   So in this case I charge you, that unless the plaintiff, at the time alleged in the complaint, was in a feeble condition, or so encumbered with baggage or other impediments that she needed help to get on the car, and unless these facts were brought to the knowledge or attention of the conductor, it would not be negligence on his part to fail to assist her on the car."   In refusing this request the Circuit Judge charged the jury: "I can not charge you that, gentlemen; that is a proposition of law in which the Supreme Court of this State stated, in another case, that where a conductor of a railroad train saw a lady undertake to board a car encumbered with heavy baggage, and heard her ask her husband to assist her into the car with the baggage, that it was the duty of the railroad to assist the lady in the car, or else give the husband ample time to help her in and get out.   But I can not tell you, as a matter of law, that unless the conductor saw that she was encumbered with baggage, and all that kind of thing, that it was not his duty.   I leave it to you as a question of fact under all the testimony in the case, to say whether or not, under all the circumstances as they appeared to the conductor at the time, or as they should have appeared to a person in the exercise of that degree of care which the law required him to exercise, he should have assisted the plaintiff upon the car.   I leave that to you as a question of fact to be determined under all the testimony in the case, and if you say, as a matter of fact, that he should have assisted her upon the car, then it does not necessarily follow that his failure to do so was the cause of the injury. You must go further, because, as you will remember I told you, it is only negligence which is the proximate cause of a legal injury that will sustain an action at law."

This charge throws the door wide open and leaves it to the jury to say, under all conditions, whether it is the duty

of a conductor to assist a passenger in boarding and alighting from a car.   It thus allowed the jury to disregard the general rule of law that it is not the duty of a conductor to assist a passenger in getting on or off cars.   The recognized exception to this rule is, that when a conductor has notice of the passenger's inability to help himself on account of the nature of the place or the means afforded for getting on or alighting, or on account of some peculiar disability of the passenger, such as the weakness of childhood, feebleness from sickness, old age or other causes, or being impeded by small children or parcels or other encumbrances which the passenger might reasonably take with him on the car, then assistance becomes the duty of the conductor.   The jury should pass on the question of negligence in view of these rules of law which are recognized in the adjudications of this Court and by the general concensus of judicial opinion.   *Simms* v. *Railway Company,* 27 S. C., 268, 3 S. E., 301; *Madden* v. *Railway Company,* 41 S. C., 440, 19 S. E., 951; *Horn* v. *Railway Company,* 78 S. C., 67; *Tract, etc., Company* v. *Pressell* (Ind.), 77 N. E., 357; *R. Co.* v. *Cruse,* (Ky.), 96 S. W., 821; *Young* v. *R. Co.,* 93 Mo. App., 267; *R. Co.,* v. *Shaw* (Tenn.), 75 S. W., 713; 6 Cyc., 511; 5 A. & E. Ency., 579.

The only peculiar disability claimed by the plaintiff was the impediment of a child, and, therefore, the request as submitted was applicable to the case.

That the point was most material to the just decision of the case is evident from the distinct issue made by this testimony of the conductor, which was in direct conflict with the testimony of the plaintiff:

"Q. Where did she get on?   A.   At Warrenville station.   Q.  Tell the jury what happened at Warrenville Station on the morning when she got on, where she alleges she was injured.   A.  On June 3rd we passed Warrenville Station at 8:55, and we stopped there, and there was, I suppose, seven or eight people standing there, and about four or five

got on the car, the best I remember; I can't be positive about it; and we stopped some time; I hollered 'all aboard,' looking around and seeing everything clear, and rang my motorman ahead. Just as he started off I saw this lady come running, and with my left hand I said: 'Wait, I will stop the car;' I reached up with my right hand and pulled the bell cord and the motorman came to a stop; but she had caught the car at the same time, put her feet on the steps and got up on the platform. When she went in she stumbled over the door sills, caught with her left hand; didn't fall, and caught her hat. I don't know how her hat got hung in the lady's dress, but it got caught in the back here on a pin, or something or other, and when she got it loose she said something about 'God durn this old hat.' No more was said about it, and I never thought anything, because she hadn't fallen or anything. So when I got to Augusta she said: 'You hurt me;' I said: 'Hurt you;' she said: 'Yes;' I said I don't see how that happened; you didn't fall or anything; what might be your name?' she gave me her name, and then I got witnesses, those who were standing on the platform, and I made out a report about it  *  *  *  Q. The time you pulled the cord to signal the motorman ahead, where was Mrs. Richardson, and what was she doing? A. She was standing, I suppose, about as far as from here to the table, talking and kissing some ladies, I believe. Q. What did you do? A. I rang the motorman ahead. Q. And then what happened? A. I noticed a lady running to catch the car. As she caught it I reached up with my right hand to pull my motorman down. Q. Did you stop the motorman? A. Yes."

The testimony of Joseph G. Harrigal, a passenger standing on the rear platform, tended to support the testimony of the conductor. The testimony of Mrs. Richardson and the witnesses on her behalf was in contradiction of the conductor's accout and tended to show negligence on his part.

It seems to me the request refused contained a correct

proposition of law and was vital to the case, and that the judgment should be reversed.

MR. JUSTICE JONES: I concurred in the opinion of Chief Justice Pope because the request to charge was faulty in failing to add to the words "unless these facts were brought to the knowledge or attention of the conductor" the further qualification "or could have been known to the conductor by the exercise of due care." The charge given by the Circuit Judge substantially covered the request with the proper qualifications.