MAMIE J. YOUNG, Respondent, v. MISSOURI PA-CIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 3, 1902.

1. **Passenger Carriers: NEGLIGENCE: FREE PASS.** One riding on a free pass sustains the relation of passenger to the carrier and his rights to recover for injuries resulting from the carrier's negligence do not differ from those of a passenger paying the usual fare.

2. ———: DEGREE OF CARE: ALIGHTING PASSENGER. A carrier of passengers must exercise the highest degree of care prudent under the circumstances and carry the passengers safely, which includes getting on and off the train; but it owes in ordinary circumstances no assistance to the passenger in alighting; however, if it knows of an infirmity of the passenger it should render reasonable assistance to alight.

3. ———: NEGLIGENCE: ALIGHTING PASSENGER: PORTABLE STEP. A passenger carrier is not required to furnish an alighting passenger a portable step.

4. ——: ——: ACCIDENT.   Where a party is pursuing the usual and proper course of business and there are no circumstances calling for special care, there is no negligence and any unusual occurrence is a mere accident.

5. ——: ——: ALIGHTING: PORTABLE STEP: EVIDENCE. The evidence relating to a sprained ankle, occurring while the passenger was alighting from the train, is reviewed and the carrier held not guilty of negligence in failing to furnish a portable step.

6. ——: CONTRIBUTORY NEGLIGENCE: INFIRMITY: EVIDENCE.   On a review of the evidence relating to the spraining of an ankle in alighting from a car, the passenger is found guilty of contributory negligence in not notifying the defendant of her weak ankle and asking to be relieved of her baby while alighting, and in not looking to see whether there was a portable step and the distance between the step and the platform.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED.

*R. T. Railey* for appellant.

(1)   It is respectfully submitted that even if plaintiff was a regular passenger, and not simply riding upon a free pass, that defendant's servants were not guilty of the slightest negligence, but rendered her greater assistance than that required by the law under such circumstances. Yarnell v. Railroad, 113 Mo. 576, and cases cited; Hurt v. Railroad, 94 Mo. 262; Deming v. Railroad, 80 Mo. App. 156, and cases cited; Holt v. Railroad, 84 Mo. App. 446, and cases cited; Railroad v. Frey, 61 S. W. 442; Lafflin v. Railroad, 106 N. Y. 139; McGrell v. B. & O. Bldg. Co., 153 N. Y. 271; Raben v. Railroad, 35 N. W. 646; Raben v. Railroad, 34 N. W. 624; Sevier v. Railroad, 18 Am. and Eng. R. R. Cases, 245; Railroad v. Espenschield, 47 N. E. 186.   (2)   That plaintiff failed to make out a case, because she introduced no evidence tending to show that it was unsafe or dangerous to alight from

defendant's car to the platform, under the circumstances detailed in evidence. (3) We likewise insist that the court below committed reversible error in failing to permit defendant to show that the failure to have said portable step, did not render it unsafe or dangerous for those who were constantly getting on and off said car. Holt v. Railroad, 84 Mo. App. 446, and cases cited; Mitchell v. Railroad, 51 Mich. 238; Lafflin v. Railroad, 106 N. Y. 136; Higgins v. Railroad, 73 Ga. 149; Sikes v. Sheldon, 58 Iowa 744; Am. B. Co. v. Talbott, 141 Mo. 674; Hysell v. Swift, 78 Mo. App. 39. (4) The following, among various other authorities which might be cited in this State, show that plaintiff was guilty of gross negligence, in respect to the matters aforesaid, and that this court, on the undisputed facts, should direct a verdict for defendant. Powell v. Railroad, 76 Mo. 80; Lenix v. Railroad, 76 Mo. 86; Henry v. Railroad, 76 Mo. 294; Harris v. Railroad, 89 Mo. 233; Yancey v. Railroad, 93 Mo. 433; Weber v. Railroad, 100 Mo. 204; Boyd v. Railroad, 105 Mo. 372; Carroll v. Railroad, 107 Mo. 660; Maxey v. Railroad, 113 Mo. 1; Hayden v. Railroad, 124 Mo. 566; Kelsay v. Railroad, 129 Mo. 362; Lane v. Railroad, 132 Mo. 4; Vogg v. Railroad, 138 Mo. 180; Moore v. Railroad, 146 Mo. 580; Kreis v. Railroad, 148 Mo. 321; Peterson v. Railroad, 156 Mo. 560; Holverson v. Railroad, 157 Mo. 216; Davies v. Railroad, 159 Mo. 6; Tanner v. Railroad, 61 S. W. 829; Sharp v. Railroad, 61 S. W. 839; Hurst v. Railroad, 63 S. W. 697; Leduke v. Railroad, 4 Mo. App. 485; Smotherman v. Railroad, 29 Mo. App. 265; Harris v. Railroad, 40 Mo. App. 262; Hicks v. Railroad, 46 Mo. App. 310; Gunderman v. Railroad, 58 Mo. App. 383; Boyd v. Springfield, 62 Mo. App. 458; Poindexter v. Paper Co., 84 Mo. App. 356; Railroad v. Hoosey, 6 Am. and Eng. R. R. Cases, 454; Malcom v. Railroad, 44 Am. and Eng. R. R. Cases, 379; Worthington v. Railroad, 52 Am. and Eng. R. R. Cases, 384; Goodwin v. Railroad, 52 Am. and Eng. R. R.

Cases, 380; Fisher v. Railroad, 58 Am. and Eng. R. R. Cases, 337; Snowden v. Railroad, 151 Mass. 222; Torrey v. Railroad, 174 Mass. 412; Hickey v. Railroad, 14 Allen 429; Granville v. Railroad, 105 N. Y. 525; Harper v. Railroad, 32 N. J. Law 90; Worthington v. Railroad, 64 Vt. 104; 4 Elliott on Railroads, sec. 1642; Beach on Cont. Neg. (2 Ed.), secs. 447-9; Riggin v. Trustees, 160 Mo. 578; Davies v. Railroad, 159 Mo. 8; State to use of O'Neill, 151 Mo. 89; Bartley v. Railroad, 148 Mo. 140; Ettlinger v. Kahn, 134 Mo. 497, and cases cited; Hite .v. Railroad, 130 Mo. 141; Reichenbach v. Ellerbe, 115 Mo. 588; Powell v. Railroad, 76 Mo. 80.

*S. W. Dooley* and *H. C. Clark* for respondent.

(1)  It is the duty of defendant to furnish such appliances as will render the egress and ingress of passengers reasonably secure.  The highest degree of care is required and the slightest negligence gives a cause of action.  Clark v. Railroad, 127 Mo. 197; Bryan v. Railroad, 32 Mo. App. 228; Railroad v. Workman, 73 Tex. 25; Railroad v. Earwood, 4 Am. Neg. Reps. (Current Series), p. 33; 14 Elliott on Railroads, sec. 1585, p. 2469.  (2)  Proof of the accident, with details of the circumstances surrounding it under the most liberal construction of the rule, makes a prima facie case of negligence.  4 Elliott on Railroads, sec. 1644, p. 2596, and cases cited.  Appellant's fourth point is identical with those before stated and will 'not be further reviewed.  (3)  But it is contended that she was riding on a "free pass."  This is true, but under our law and the law of most of the States, she was a passenger in the fullest sense of the term and entitled to all the care due to a passenger who had paid the actual cash.  But counsel had to fill out the volume of his brief, and this contention is as near the law as any other made in the very voluminous document.  Bryan v. Railroad,

32 Mo. App. 228; Lemon v. Chanslor, 68 Mo. 357; Mellon v. Railroad, 105 Mo. 456; Jones v. Railroad, 125 Mo. 666; 4 Elliott on Railroads, secs. 1604, 1606, 1607, 1608. (4) It was not negligence upon part of plaintiff to step down as she did with her baby in her arms. Any prudent, careful person would have done just as she did under the same or similar circumstances, the employees of defendant failing to help her baby as promised. A reading of her testimony as to what she did and how she did it, in attempting to alight, will show that she acted just as any ordinarily prudent person would have done, and this is the test for contributory negli-gence. Barton v. Railroad, 52 Mo. 253; Doss v. Railroad, 59 Mo. 27; McCormick v. City of Monroe, 64 Mo. App. 197.

SMITH, P. J.—This is an action to recover damages for injuries received on account of the negligence of the defendant.

The particular negligence pleaded and on which plaintiff relied for a recovery was that she was a passenger on one of defendant's trains, and that at the station of her destination defendant neglected to place a portable step on the platform at said station so that she could easily and safely alight from the steps of the car in which she was riding, onto the station platform, and that while in the exercise of due care under the conditions and circumstances aforesaid she attempted to alight from the steps of said car onto said platform, which former was twenty-four inches above the latter, but that owing to the neglect of the defendant to have a portable step as afore-said, she struck the said platform in such manner as to break the bones and tendons of her right ankle, etc.

There was a trial, and at the conclusion of the plaintiff's evidence and at that of all the evidence, the defendant unsuc-cessfully demurred thereto, and these rulings of the court are

made the basis of the first ground of error assigned for a reversal of the judgment.

Adverting to the evidence presented by the record, we find it there appears that the plaintiff was a lady about thirty-eight years of age, and that her right ankle had from her childhood been weak, slightly crooked and occasionally had turned when a misstep had been made by her. And this, according to the expert testimony given, had the effect to increase her liability to accident. It further appears that she weighed one hundred and thirty-eight pounds, and carried in her arms a child weighing twenty pounds. She had ridden in a chair car until the train had approached near the station, when the conductor told her that the train would have to wait for another train and that her car would not pull up to the station for half an hour, and to go into the next car—the smoker—as it was going then right up to the platform. She then left her seat and went into the next car as directed.

When the smoker got nearly opposite the platform the train porter inquired for her baggage, and she showed it to him. He then further inquired "if that was all," when her sister, who accompanied her, said to him, "Yes; it is all but our babies, which we would like to have you help us off with," and to which he replied "all right." The porter then went out of the car taking the baggage with him. When the train came to a full stop the plaintiff and sister left the car and when plaintiff, with her baby in her arms, reached the last step, the conductor, with his lantern, and the porter, were standing on the platform. The former took hold of her right arm and the latter her left. She stepped down from the car upon the platform, alighting on her right foot when her ankle gave way and she would have fallen had it not been for the assistance of the conductor and porter. It seems that in the act of alighting the whole weight of herself and child was cast upon her weak ankle and the result was the injuries complained of.

It is contended that it was the duty of the defendant to have furnished a portable step upon which plaintiff, on leaving the car, could have alighted, and that if it had performed this duty she would not have been injured. This brings us to the consideration of the question of whether or not it was a duty enjoined by law upon defendant to have furnished a portable step for the use of plaintiff and other passengers in stepping from the car, in which she had been riding, down upon the platform.

The plaintiff was riding on a free pass over the defendant's road, but if this was so we think under the established law of this State she sustained the relation of passenger to defendant, and that in an action like this where she is claiming damages for personal injuries alleged to have been occasioned by the negligence of the defendant, her rights are not different than if she had paid the usual fare for her passage. Buck v. Railway, 46 Mo. App. l. c. 564; Wagner v. Railway, 97 Mo. 512; Whitehead v. Railway, 99 Mo. 263; Willmott v. Railway, 106 Mo. 535; Jones v. Railway, 125 Mo. 666.

And as bearing upon the duty of the defendant it is to be observed that though it is disclosed by the evidence that the plaintiff's right ankle was weak and liable to turn, this fact was in no way brought to the notice of the former's employees in charge of the train on which the plaintiff took passage. It is not the duty of a railway company's employees to assist its passengers in getting on and off its cars in all cases. If egress or ingress is easy, assistance can not be claimed by a passenger as a matter of right. Hanks v. Railway, 60 Mo. App. 274; Yarnell v. Railway, 113 Mo. 570. The obligation of passenger-carriers to their passengers is, as far as it is capable by human care and foresight, to carry them safely, which extends to getting on and off their cars; or expressed another way, they must exercise the highest degree of care of a prudent person in view of the circumstances

at the time of the injury.    Clark v. Railway, 127 Mo. 197.
Where, however, a passenger is blind, sick, aged, very young,
crippled, or infirm, if his condition be known to the carrier,
the duty of the latter towards the former, while alighting,
must be performed with due regard to such condition.    Hanks
v. Railway, supra; Ridenhour v. Railway, 102 Mo. 270.
But there is no pretense in the present case that the defend-
ant's employees were aware of the plaintiff's infirmity, so
that the defendant owed her no higher or greater duty than
it would have owed her had she been free of such infirmity.

It is not claimed the construction of the step of the car
was faulty in not dropping to a nearer level with that of
the platform of the station, or that it was of unusual con-
struction in any way, but it is claimed that since the height
of the last step was some eighteen or twenty inches above the
platform, it was the duty of the defendant to have furnished
a portable step for the use of the plaintiff and its other pas-
sengers while leaving its car.    It appears that the defendant
had been in the habit of furnishing a portable step to its other
cars, but that none had been used in connection with the
"smoker" for at least a year past.    It further appears that
the height of the last step of the "smoker" above the platform
was not greater than that between the ground and the last
step of the carriages, spring-wagons and buggies in general
use.    And it still further appeared that thousands of persons
had made their exit from said smoker during the preceding
year unassisted and without the happening of a single acci-
dent to them.    We know of no law, nor has our attention
been called to any, which required the defendant to furnish
portable steps for the use of its passengers in entering or
leaving any of its cars.    If it did furnish such steps, it was
but a self-imposed duty for the violation of which there could,
of course, be no liability.    Barney v. Railway, 126 Mo. 392.

It is well settled that negligence can not be presumed
when nothing has been done out of the usual course of busi-

ness, unless the course is improper, and that there must be some special circumstance calling for more particular care and caution to make liability. And where something unusual occurs which injures plaintiff, but such unusual occurrence is not even inferentially the result of an unusual act of the defendant, and the defendant has, as far as he is concerned, been pursuing his usual course, which has heretofore been done in safety, then the unusual occurrence is what is called an accident. Guffey v. Railway, 53 Mo. App. 462; Holt v. Railway, 84 Mo. App. 443; Hysell v. Swift, 78 Mo. App. 39; Brewing Ass'n. v. Talbot, 141 Mo. 674; Higgins v. Railway, 73 Ga. 149; Laflin v. Railway, 106 N. Y. 136. By the application of this rule to the facts of this case, as we have just stated them to be, it becomes at once apparent that the occurrence which resulted in plaintiff's injury was no more than an accident for which there was no liability.

But it appears that the defendant, in the discharge of its obligation to the plaintiff, exercised a greater degree of care than was required of it. It exercised that caution which would have been required if its employees had been apprised of the plaintiff's infirmity. The platform seems to have been well enough lighted. There was a lamp suspended in front of the station building which shed considerable light on the platform, and besides this the conductor held a lantern which, with the lighted lamps within the several cars, shed quite a flood of light on the *locus in quo*. If the plaintiff desired to be relieved of her child, as she testified she did, so that she could be free of it while alighting, why did she not, when she came out upon the platform of the car and beheld the conductor and the porter standing there at the foot of the steps ready to offer assistance to the departing passengers, hand it to one or the other of them to hold for her? But instead of doing this, with her child in her arms, she proceeded without a word to step down from the last step upon the platform of the station, alighting on her right foot, thus cast-

ing upon her weak and infirm ankle the joint weight of herself and child, which was greater than it was capable of supporting without injury. And had it not been for the presence and assistance of the conductor and porter, when her ankle gave way she would have fallen.

It seems that according to her testimony she supposed there was a portable step there and so took the step without looking to see, though she could have seen, had she looked, whether or not it was there. She probably miscalculated the distance from the step to the platform but it was testified by one of the expert witnesses that such an accident under like circumstances would have probably occurred even if a portable step had been placed there and she had stepped upon that instead of upon the platform; but however this may have been, it is quite obvious that had she herself exercised ordinary care and relieved herself of the weight of her child and looked before "she leaped," the result might have been different. It is equally obvious that the neglect of these precautions on her part were contributions to the negligence of the defendant, if it can be said to have been negligent, which was the direct and proximate cause of the injury.

In the light of the entire evidence it seems to us that upon the theory that the defendant was guilty of negligence under the circumstances in failing to furnish a portable step for plaintiff to alight upon, yet that the plaintiff has by her own contributory negligence, in that she failed (1) to notify the defendant's employees in charge of the train on which she took passage of the weakness and infirmity of her ankle, (2) that she did not relieve herself of the burden of her child when, as was the case, she had ample opportunity afforded her by defendant's employees to do so before she took the disastrous step she did, and (3) that she did not look, as she might have done to see whether there was any portable step there and what was the distance from the step down to the platform, precluded herself from the right of recovery.

It results from the foregoing expressed conclusions that the trial court was in error in denying the defendant's demurrer to the evidence, and that therefore the judgment must be reversed.   All concur.