JENNIE A. RANDOLPH, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. **PASSENGER CARRIERS: Depot Platforms: Reasonable Care.** A railroad company is only required to keep its platforms in a reasonably safe condition and is held to no nigher degree in maintaining its station buildings than an individual owner of buildings for ordinary purposes is held.

2. ———: ———: **Passenger's Safety: Custom.** A passenger carrier in the maintenance of its platforms as a means of boarding and alighting from its cars should use the highest degree of care and the question is not as to the custom and plans in constructing platforms but as to the safety of its passengers.

3. ———: ———: **Custom: Instruction.** An instruction set out in the opinion is condemned since it is inconsistent with defendant's theory in not requiring the jury to find that the platform in question was constructed as platforms in similar stations were constructed, but only to find that it was so constructed as many others on its line and the evidence failed to sustain the hypothesis, and besides the maintenance of platforms at other stations of like character would be no defense.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*Charles A. Loomis, Arthur F. Smith* and *Frank Hagerman* for appellant.

(1) The order granting a new trial was in violation of the statute. The ground for granting a new trial is thus shown by the record. Bartley v. Railway, 148 Mo. 124. (2) If upon the pleadings and evidence the verdict was for the right party, no error in giving

instructions could justify a new trial. Homuth v. Railway, 129 Mo. 642; Vogg v. Railway, 138 Mo. 180; Bartley v. Railway, 148 Mo. 124. (3) Defendant was not negligent. 4 Elliott on Railroads, sec. 1590; Robertson v. Railway, 152 Mo. 382; Railway v. Sue, 25 Neb. 772; s. c., 41 N. W. 801; 4 Elliott on Railroads, sec. 1641; Hiatt v. Railroad, 96 Iowa 169; s. c., 64 N. W. 766; Laffin v. Railway, 106 N. Y. 136; s. c., 12 N. E. 599; Thompson. v. Railway, 140 Mo. 125; Fox v. Mayor, etc., 70 Hun 181; s. c., 24 N. Y. Supp. 43; Ryan v. Railway, 121 N. Y. 126; s. c. 23 N. E. 1131.

*I. N. Watson* and *W. E. Smith* for appellee.

(1) The order granting a new trial was not in violation of the statute. A new trial was granted for errors in giving instructions for defendant. Bartley v. Railroad, 148 Mo. 124. (2) If the evidence of plaintiff showed no negligence on part of defendant, then the case should be reversed, and judgment should be entered for defendant. The rule of law is laid down in Homuth v. Railroad, 129 Mo. 642.

BROADDUS, J.—A trial was had in this case and verdict of the jury for defendant. Plaintiff filed a motion for new trial alleging therein among other things that the court erred in giving instructions in behalf of defendant. The court sustained the motion on the ground of error in the giving of instructions without specifying any particular ones. The defendant contends that regardless of any error in that respect the verdict should be upheld on the ground that the evidence shows that it was for the right party.

The plaintiff at night while alighting from defendant's passenger train standing at its station at Excelsior Springs fell and was injured. She testified that when she started down the steps of the car leading to the platform of the station it was dark, and when she got

to the bottom step she saw what she thought was a stool and in order not to step over the stool, or onto the edge of it, she took hold of the rail and put her right foot in the center of it, and instead of it being a stool it was a hole between the step and the platform; and that she went down almost to her thigh. She stated that a brakeman had a lantern near by but that its bottom threw a shadow, although the light itself dazzled her eyes. There were lights in the car and in the depot and two on the side of the depot. The place where plaintiff alighted was some distance from the end of the depot. The space between the lower step of the car and that of the platform was ten or twelve inches. There was an effort to show that defendant had maintained in general use platforms with the same space on its road for many years with safety, but the evidence tended to show that there was no uniformity in that respect and that they varied at different stations. It however appears that there must be some such space to guard against collision caused by the oscillation of the cars while in motion. The plaintiff had frequently alighted from defendant's cars on this platform but there was no evidence that her attention had been directed to the width of the space in question. There was no dispute that cars in use on defendant's road differed slightly in width, and consequently the space between the cars and platforms would differ in proportion to differences in widths of the cars. The foreman of defendant's car department testified that for safety it was necessary that said space be not less than from seven to nine inches. On cross-examination he stated that such space could be obviated by the constructing of low platforms and also that the variation caused by the swaying or oscillation of the cars was from three to four inches.

The grounds relied on for recovery was the negligence of the defendant in maintaining its platform too far from its track and in failure to properly light the platform. The evidence as to the latter issue was some-

what conflicting but the preponderance appeared to be in favor of the defendant that the platform was well lighted. As to the space between defendant's platforms and cars, there was no essential conflict in the evidence; and that at stations outside of cities it was the rule of defendant to maintain platforms of the same general character; however, not entirely uniform as to the amount of such space. But there was no evidence that custom in that respect was uniform with other railroads.

A railroad company is only required to keep its platforms in a reasonably safe condition. Robertson v. Railroad, 152 Mo. 382. "The duty respecting the construction and maintenance of station buildings is not so rigorous as that imposed upon railroad carriers in relation to roadbeds, tracks, cars, appliances and the like. . . . There is no really valid reason why a railroad company should be held to a higher degree of care in maintaining its station buildings than that to which an individual owner of buildings used for ordinary purposes is held." 4 Elliott on Railroads, sec. 1590.

But these authorities do not reach the question in this case. It was not the safety of the platform as such that is to be considered for there is no complaint on that account. But its construction and maintenance as a means by which a passenger may safely board or alight from the defendant's cars on the track presents a question somewhat different. In Hiatt v. Railway, 96 Iowa 169, it was held that a carrier of passengers was bound to the use of only reasonable care in lighting its platforms for the use of persons going to or from its trains. In Lafflin v. Railway, 106 N. Y. 136, it was held in a case very much like this where the platform had been safely used for many years the defendant was not liable. The effect of the ruling was that the defendant was required to use only ordinary care. The language was: "No structure is ever so made that it may not be

made safer; but as a general rule when an appliance, or machine, or structure, not obviously dangerous, has been in daily use for years, and has uniformly proved adequate, safe, and convenient, its use may be continued without the imputation of culpable imprudence or carelessness.''

In Hiatt v. Railway, supra, the rule only extends to persons going to or from a train, and is not to be extended to cases where a person is either getting upon or alighting from one. In Lafflin v. Railway, supra, the court held that the space between the platform and the car was not obviously dangerous. Whether such a conclusion be right or wrong, it was not a proper test of the carrier's liability. The term *obviously dangerous* means *plainly dangerous*. It seems to us that the phraseology is misleading. The real question is, was it unsafe? If it was obviously dangerous the carrier would be guilty of the grossest negligence, whereas he should be held to the highest degree of care commensurate with the human care and foresight. We can see no good reason why the foregoing rule should not apply until the passenger reaches the platform of the carrier's station. And it has been so held in this State. Young v. Railway, 93 Mo. App. 267.

The holding in the Lafflin case was also based upon the fact that the platform had been used many years and no one but plaintiff had ever been injured or had suffered any inconvenience on account of the distance of the platform from the cars. Such a conclusion leaves out of consideration altogether the question of safety. Conditions may be unsafe, yet for a period of time no one may suffer by reason thereof. Yet, as long as it continues it is a menace to safety and liable at any moment to inflict injury.

The true rule is stated in Young v. Railway, supra: ''It is well settled that negligence can not be presumed when nothing has been done out of the usual course of business, unless the course is improper, and that there

must be some special circumstance calling for more particular care and caution to make liability.'' The defendant seeks to apply this rule to the case under consideration. The defendant's evidence did not establish any particular usage as to uniformity of space between its platforms and its cars, although the general plan of the platforms was the same. A uniform custom which has proved safe is held to be the exercise of due care. But as defendant had no such custom it did not bring itself within the rule. But it is contended that the proof was, that its platform so constructed with reference to its cars had uniformly been safe. Such appears to have been the case upon defendant's side, but it also appears that when plaintiff offered to show that a person had been thrown down on the same platform, defendant objected to the competency of such evidence and the objection being sustained the evidence was excluded. The plaintiff was thus precluded from controverting defendant's evidence in that respect. It therefore does not lie in the mouth of defendant to assert that the platform in question had always proved safe. It seems to us that it was a case for the jury to say whether a space of from ten to twelve inches between the car and the platform where plaintiff fell was safe or unsafe. Barth v. Railway, 142 Mo. 535. And this court is not prepared to say that such a space, when only four inches at the most was required, was in itself not unsafe. The excess was shown to have been entirely unnecessary.

The court committed error in giving instruction number eight at the instance of defendant. It is as follows:

''The court instructs the jury that the defendant is not required by law to construct its platform after any particular pattern or in any particular manner nor at any particular height or distance from the cars; that defendant has the right to construct its depot platform after such pattern and in such manner as it deems best,

provided said platform when so constructed is reasonably safe for the use of passengers using the same. And if you believe 'from the evidence. that the depot platform in question was of the same pattern, and constructed and maintained in the same manner with respect to height and distance from the track that many other depot platforms on its line of road were constructed and maintained, and that this platform and other similar platforms have been in daily use of defendant's railroad for many years, and that large numbers of passengers have for many years used said platform in alighting from passenger trains with safety, and that the continued use of said platforms for a number of years had uniformly proven to be and was reasonably safe, then its continued use by the defendant on May 28, 1897, was not negligence, and your finding will be for the defendant on the same issue of the sufficiency of the platform in question.''

The vice of the instruction is that it is inconsistent with defendant's theory of the case in that it does not require the jury to find that the platform was constructed as platforms at similar stations were constructed in respect to the distance from its tracks, but only requires them to find that it was so constructed as *many others* were on its line. And it was altogether wrong in that defendant had failed to show a uniform custom in the respect mentioned. And proof that defendant had maintained platforms at other stations of this character in respect to space would be no defense. Barth v. Railway, supra.

In view of the foregoing conclusion we are not satisfied that the judgment is for the right party. And the action of the court in granting a new trial because of the giving of said erroneous instruction is affirmed. All concur.