MARY CAROLINE LAYNE, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, June 3, 1913.**

1. CARRIERS OF PASSENGERS: Duty Toward Disabled Passengers. While, ordinarily, a carrier is under no obligation to assist a passenger to alight from a car, and discharges its duty if it allows him a reasonable opportunity to alight at a station or stopping place, yet if an unattended passenger is sick, aged, infirm, or otherwise physically or mentally disabled or afflicted, and the carrier has notice of his condition, it is bound to exercise, not alone the high degree of care required to be exercised toward passengers generally, but such care, whatever it may be under the circumstances, as may be reasonably necessary to protect him from injury, in view of his condition.

2. ———: ———. Where an old lady, unattended, whose eyesight was poor and whose physical activity was impaired, and who was encumbered with a heavy valise, requested the conductor of a train upon which she took passage to assist her to alight from the car at her destination, on account of her infirmities, and he promised to do so, and, upon his failure to do so, she undertook to alight without assistance, in doing which she fell from the car step and was injured, the question of the carrier's liability was for the jury, notwithstanding the fact that it was not notified of her infirmities at the time she was accepted as a passenger.

3. ———: ———: **Contributory Negligence.** Where an old lady, unattended, whose eyesight was poor and whose physical activity was impaired, and who was encumbered with a heavy valise, requested the conductor of a train upon which she took passage to assist her to alight from the car at her destination, on account of her infirmities, and he promised to do so, and, upon his failure to do so, she undertook to alight without assistance, in doing which she fell from the car step and was injured, the question of whether she was guilty of contributory negligence, *held*, under the evidence, a question for the jury.

4. ———: ———: **Instructions.** In an action against a carrier for injuries sustained by an infirm old lady in alighting from a car on which she had been carried as a passenger, due to the conductor's failure to assist her in alighting, after he had been notified of her condition and requested to assist her, *held* that the instructions given by the court were free from error.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Scarritt, Scarritt, Jones & Miller* for appellant.

(1) If it could be successfully asserted that there was substantial testimony that the conductor of this train did state to plaintiff that he would assist her in alighting at Bowling Green, still his failure to do so does not render the company liable because such an agreement on the part of the conductor would be a mere voluntary promise on his part outside the scope of his duties and employment and not binding upon the company. Railroad v. Earwood, 104 Ga. 127; Yarnell v. Railroad, 113 Mo. 576; Deming v. Railroad, 80 Mo. App. 176; Deskins v. Railroad, 151 Mo. App. 432; Railroad v. Statham, 42 Miss. 607; Hurt v. Railroad, 94 Mo. 255, 262; Raben v. Railroad, 74 Ia. 738; Sevier v. Railroad, 61 Miss. 8; Gage v. Railroad, 21 So. 657; Railroad v. McCullough, 33 S. W. 285; Selby v. Railroad, 122 Mich. 311. (2) It is needless, of course, to cite authorities to the effect that although plaintiff was a passenger she cannot recover even if the railroad

company was negligent, if she also was guilty of any negligence which contributed to cause her accident and injury. When plaintiff undertook to alight from the car it was her duty to take reasonable care in doing so. It was her duty to look where she was going and to make at least a reasonable effort to ascertain upon which side the depot and platform was situated. She admits that she did not do this. Young v. Railroad, 93 Mo. App. 276; Sargent v. Railroad, 114 Mo. 348; Deskins v. Railroad, 151 Mo. App. 432; Weber v. Railroad, 100 Mo. 201; Nelson v. Railroad, 68 Mo. 593; Kelly v. Railroad, 70 Mo. 604. (3) Plaintiff's first instruction is vicious throughout as being a commentary upon the evidence. Spohn v. Railroad, 87 Mo. 74; Miller v. Marks, 20 Mo. App. 369. (4) Defendant's requested instructions Nos. 11, 12 and 14 should have been given. If plaintiff's baggage was too heavy for her to handle, she should have checked the same. The evidence is undisputed that she could have checked this baggage and plaintiff admitted that she was aware that she could have checked it. Yarnell v. Railroad, 113 Mo. 576; Deming v. Railroad, 80 Mo. App. 156.

*John S. Gatson* and *Fry & Rodgers* for respondent.

(1) Under the testimony in this case and the law in this State, the plaintiff made a clear case for the jury to decide whether the defendant was guilty of negligence, and the plaintiff of contributory negligence. Mathew v. Railroad, 115 Mo. App. 472; Hauks v. Railroad, 60 Mo. App. 281; Ridenhour v. Railroad, 102 Mo. 284; Land v. Railroad, 118 Mo. App. 488; Kelly v. Railroad, 70 Mo. App. 609; Fillingham v. Trans. Co., 102 Mo. App. 581; Wilbur v. Railroad, 48 Mo. App. 230; Young v. Railroad, 93 Mo. App. 273; Croom v. Railroad, 18 L. R. A. 602; Foss v. Railroad, 11 L. R. A. 367; Williams v. Railroad, 10 L. R. A. (N. S.) 413; Mercer v. Railroad, 115 N. W. 733; Nelson v. Railroad,

109 N. W. 933. (2) The evidence shows plaintiff was in a confused and bewildered state of mind, due to the negligent failure of defendant's conductor to notify her Bowling Green had been reached and to assist her to alight with her baggage, as he had promised to do. This, with her defective eyesight and the weather conditions, made her contributory negligence a question for the jury. Carney v. Anheuser, 150 Mo. App. 436; Wyler v. Ratican, 150 Mo App. 481; 3 Thompson on Negligence, 395. (3) It was the duty of the conductor to announce the arrival of his train at Bowling Green, and his admitted failure to do so was negligence. Hurt v. Railroad, 94 Mo. 262; Cruse v. Railroad, 8 L. R. A. (N. S.) ——; Railway v. Staham, 42 Miss. 674.

ALLEN, J.—This is an action for personal injuries received by plaintiff, respondent here, in alighting from a passenger train of defendant at Bowling Green, Missouri. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff took passage at Vandalia, Missouri, upon an eastbound train of defendant for the purpose of being transported to Bowling Green, where she would have to change cars to proceed to her ultimate destination, which was the town of Frankfort, in Pike county. The train was a combination freight and passenger train, made up of a large number of freight cars, with one small passenger coach at the rear thereof, used as a caboose and for the transportation of passengers. Plaintiff was some fifty-eight years of age, her eyesight poor, and was apparently not active in getting about. She travelled unattended, having with her a large heavy valise or "telescope," having been assisted by her daughter in getting on the train, with her luggage, at Vandalia.

Plaintiff's testimony is to the effect that during her journey she asked the conductor of the train when they would arrive at Bowling Green, requesting him to

assist her in alighting from the car with her valise upon arriving there, telling him that she had not travelled much, had never ridden on a train of that character and that she "couldn't get around very good, couldn't see very good." She testified that the conductor promised that he would assist her in leaving the car.

The evidence shows that the train proceeded east until it reached a station called Booth, about a mile or a mile and a half east of Bowling Green. Upon arriving at this point it seems that a westbound passenger train was nearly due, and that there was not sufficient time to proceed with the entire train to Bowling Green before it passed. For this reason all of the train was placed upon a siding at Booth, except four cars and the passenger coach or caboose, and the latter were taken on to Bowling Green before the arrival of the westbound passenger train. It appears that there were two or three brakeman on the train, one of whom, called the flagman, ordinarily rode in the coach or caboose. It seems that the flagman remained with the cars left at Booth; and in going from this point to Bowling Green the conductor rode on the front of the engine, and one of the brakemen stood on the front platform of the passenger coach. It appears that the train crew had certain duties to perform at Bowling Green; that the train was somewhat behind time, and they were anxious to lose no time in setting about doing this work. Upon arriving at the station at Bowling Green the conductor stepped from the engine as it passed the platform and went about his duties. The brakeman on the front end of the passenger coach stepped from the steps at the front end of this car, it seems, before the car stopped, and neither he nor anyone else announced the arrival of the train at this station, or gave any attention to the passengers in the coach.

Plaintiff's testimony is to the effect that she did not know that the train had arrived at Bowling Green.

A witness testified that as he passed out of the car, knowing that plaintiff wished to leave the car at Bowling Green, he said "Madam, this is Bowling Green." He testified however that plaintiff did not turn her head or look at him, or otherwise indicate that she heard what he said. In any event, although the other passengers left the car, plaintiff remained in her seat for some ten or fifteen minutes, while the car remained standing near the station. Finally a passenger entered the coach and she asked him when she would arrive at Bowling Green, and he told her that she was then at that place. She thereupon took her valise, and unassisted attempted to alight from the car. The evidence shows that it had been snowing, and that the ground was covered with at least a light-fall of snow. Plaintiff testifies that it was snowing and blowing at the time, and that she was unable to distinctly see her surroundings, and was somewhat confused and bewildered.

Defendant's track at this point extends nearly east and west, and its station and platform provided for the accommodation of passengers is on the south side thereof. Plaintiff attempted to alight from the train on the north side of the track, thinking, as she says, that the station and platform were on that side, and not discovering her error because of her inability to see distinctly, and the fact that everything was covered with snow. In attempting to step from the lower step of the car to the ground some distance below, with her valise, she fell, breaking her thigh bone, i. e., sustaining a fracture of the neck of the femur of her right leg.

On behalf of defendant the conductor testified that during plaintiff's journey from Vandalia to Bowling Green she asked him "something about the bus and connecting line at Bowling Green," that plaintiff didn't say anything about not having good eyesight, or about her telescope. The witness did not remember whether plaintiff had made any request for him to let

her know when she got to Bowling Green, or that plaintiff said anything else or made any request to be assisted in alighting from the train, but did not think she did.

This was the second trial of the case below; a previous verdict for plaintiff for $1250 having been set aside by the court, on defendant's motion, and a new trial granted. Upon the cause being tried again, there was a verdict for plaintiff for $800. Judgment was entered accordingly, from which defendant has appealed to this court.

I.   Defendant earnestly insists that the demurrer to plaintiff's evidence, interposed by it below, should have been sustained. To state briefly its contention in this regard, it is that the defendant owed no duty to plaintiff to assist her in any manner in alighting from the car; that plaintiff failed to prove that the conductor of the train agreed to assist plaintiff in alighting at her destination; and granting that the conductor did so promise plaintiff, such promise was a mere voluntary act on his part, outside of the scope of his duties and employment, and not binding upon the defendant.

We are unable to agree with learned counsel for the appellant that plaintiff's evidence was insufficient *prima facie* to prove the charge that she requested the conductor to assist her in alighting with her baggage because of her physical condition, and that he assured her that he would do so. Counsel point to certain testimony of plaintiff on cross-examination, and testimony said to have been given by her at the former trial, but a careful examination of the record before us shows that the evidence in this respect is ample to take this question to the jury.

In respect to the duty that defendant owed to plaintiff as a passenger, it must be conceded that ordinarily there is no obligation on the part of the carrier to furnish assistance to one in alighting from a car; and that, in general, the carrier discharges its duty

with reference thereto when it allows a passenger reasonable opportunity to alight at the station or stopping place. [Yarnell v. Railroad, 113 Mo. 570, 21 S. W. 1; Hurt v. Railroad, 94 Mo. 255, 7 S. W. 1.] This general rule, however, necessarily has its qualifications. If a passenger, unattended, is sick, aged, infirm, or otherwise physically or mentally afflicted or disabled, and if the carrier has notice of the passenger's condition, the carrier is bound to exercise, not alone the high degree of care required to be exercised with respect to passengers generally, but such care, whatever it may be under the circumstances, as may be reasonably necessary to protect such passenger from injury in view of his or her physical or mental condition. [See Hanks v. Railroad, 60 Mo. App. 274; Young v. Railroad, 93 Mo. App. 267; Mathew v. Railroad, 115 Mo. App. 1. c. 473, 78 S. W. 271, 81 S. W. 646; Trout v. Livery & Undertaking Co., 148 Mo. App. 1. c. 636, 130 S. W. 136; 2 Hutchinson on Carriers (3 Ed.), sec. 992; 6 Cyc. 598, et seq.]

Where the carrier's agents and servants have notice that a passenger's physical condition is such as to require assistance in alighting from its car, and request for such assistance is made, the precepts of humanity alone afford a sufficient reason why the law should impose upon the carrier the duty of rendering such assistance as is necessary to protect such passenger from injury. This doctrine is sanctioned by authority and it appeals to us as being just and reasonable. [See Hanks v. Railroad, supra; Young v. Railroad, supra; Demning v. Railroad, 80 Mo. App. 1. c. 156; M. K. & T. Ry. Co. v. Buchanan, 31 Texas Civ. App. 209, 72 S. W. 96; Southern Ry. Co. v. Reeves, 116 Ga. 743; 6 Cyc. 611; 2 Hutchinson on Carriers (3 Ed.), sec. 1127.]

In some jurisdictions the rule appears to have been extended only to cases where the carrier has accepted the passenger with notice at the time of his or her infirmities; in which case there can be no question

as to the carrier's duty. We think the correct rule of law on the subject, however, is as broad in principle as we have stated it above; and in so far as cases cited by appellant, from other States appear, to announce a contrary view, we must decline to follow them.

It is urged that plaintiff's evidence shows that she was guilty of negligence, as a matter of law, in that she did not look where she was going, in attempting to alight from the car, and did not use ordinary care to ascertain upon which side the depot and platform were situated. What we have said as to the evidence of plaintiff's physical condition, and the attending circumstances, disposes of this contention. Whether she was guilty of contributory negligence in the premises was a question for the jury.

The question of defendant's negligence in failing to announce to the passengers the arrival of the train at Bowling Green was withdrawn from the consideration of the jury by an instruction given, and we need not touch upon this subject.

Considering the testimony offered by plaintiff as true, for the purposes of the demurrer, we are bound to conclude that whether the defendant fully performed its duty in the premises was a question for the jury, and that its demurrer to the evidence was properly overruled.

II. What we have said above disposes of the point made by appellant that the petition wholly failed to state a cause of action, inasmuch as the petition averred facts which, if true, entitled plaintiff to recover under the doctrine which we have sanctioned above.

The cause was submitted to the jury upon eleven instructions, six thereof being given at the request of plaintiff and five at the request of the defendant. Nine instructions requested by defendant were refused. Error is assigned in the giving of instructions for

plaintiff, and in refusing the instructions offered by defendant and refused by the court. We shall not encumber the opinion, however, by setting out even the substance of these instructions. It is sufficient to say that we have very carefully examined all of them, and the questions raised with respect thereto, and we find appellant's assignments of error in this regard to be without merit. Considering the instructions as a whole, we think that defendant has no cause to complain of them.

A careful review of the record, and of all of the questions involved, convinces us that the case was one for the jury; that no reversible error was committed below, and that the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds P. J.*, and *Nortoni, J.*, concur.