TALBERT v. CHARLESTON & WESTERN CAROLINA RY.

1. NEGLIGENCE—JURY—CONTRIBUTORY NEGLIGENCE.—Allegations that plaintiff, a man with only one arm, started from the station with the conductor, who then signalled the train ahead, and told plaintiff that he had better get on, that when he reached the train it was moving, that he caught hold and attempted to board it but was knocked off by a trunk standing near the track, state facts from which the jury may infer negligence; and if contributory negligence be inferable, that is for jury.

2. RAILROADS—TICKET AGENT.—There is no provision of law in this State requiring a railroad company to have a ticket agent at its ticket office after the arrival of the train.

3. DEMURRER.—Judge should not draw natural inferences from allegations in a complaint when passing on a demurrer.

4. NEGLIGENCE—JURY.—Whether it was negligence in a man having only one arm to board a moving train, without assistance of the conductor, is for jury.

Before PURDY, J., Edgefield, November, 1904.   Reversed.

Action by W. M. Talbert against Charleston and Western Carolina Railway Co.   The Circuit order sustaining demurrer is as follows:

"The defendant demurs to the complaint upon the ground

that it does not state facts sufficient to constitute a cause of action. The reasons assigned by the defendant why the complaint is insufficient to constitute a cause of action are set out in defendant's written demurrer, of which due notice in writing was given to the plaintiff's attorneys, and need not be repeated here.

"A memorandum of the authorities relied upon to sustain the demurrer have also been incorporated in the notice.

"It is a well recognized principle that if any inference of negligence can be drawn from the complaint, it will be improper to sustain the demurrer. Tested by this rule should the demurrer be sustained?

"Among other things, the plaintiff alleges the following as the negligent acts of the defendant, namely, its failure to have a ticket agent at its office; its failure to assist the plaintiff on the train, it being known that he had but one hand; its failure to hold the train until the plaintiff had boarded it, and its failure to remove a large trunk from near its track, or rather negligence in permitting the trunk to remain near the track.

"I do not know of any rule of law which requires a railroad company to keep an agent in its office for the sale of tickets after the arrival of a train; it is required to keep its waiting room open at least thirty minutes before the schedule time for the arrival of all passenger trains. This is a regulation of the railroad commission.

"Besides, it needs the citation of no authority to show that the obtaining of a ticket is now unnecessary to enable one to board a train and become a passenger. Such contention has been ruled adversely to the railroads, and is well known. So that the statement that there was no ticket agent at the depot is not a statement from which negligence would be imputed to the defendant. The statement of the complaint is that the plaintiff arrived at the depot, and that the train was already there, and that it remained there for the space of fully five minutes.

"The provisions of section 2134, of the Code of Laws,

vol. I., require all trains to stop at a station for a sufficient length of time to put off its passengers and to allow passengers to get on its train. The Court will take notice, therefore, of the fact that five minutes is a sufficient length of time within which the plaintiff in this case might have boarded the train. He, therefore, occupied the relation of a belated passenger, and to whom the railroad company owed no duty as such. *Pickett* v. *Railroad Company*, 69 S. C., page 445.

"Then can negligence be imputed to the railroad company from the other statements set forth in the complaint. It will be noted that the plaintiff says the conductor was in a hurry and said to him, 'I am going, you had better get on the train.' This is far different from the statement the conductor might have made, namely, 'I am going, but will hold the train for you, go and get on.' If the conductor had made use of any such language as the language here suggested by me, that might have raised a different relationship which had been created by the passenger by reason of his own delay, and the railroad company, in that event, might have been responsible if the conductor failed to wait a sufficient length of time for the plaintiff to board the train. But in the case at bar, the conductor coupled with his statement to the plaintiff a warning and not an invitation, and the warning is to the effect, 'I am going,' and, therefore, the plaintiff had notice that it was the intention of the conductor to move the train; and the allegation is that when he started out of the depot, he signaled the train forward; there was, therefore, no duty on the part of the conductor arising from anything he did to hold the train for the plaintiff.

"But it appears further from the allegations of the complaint, that the plaintiff and the conductor went out to the train together, and if we draw a natural inference from the complaint, the plaintiff must have further delayed getting on the train, and was again told by the conductor to get on. No inference of negligence can be drawn from these state-

ments made by the conductor, when they are taken in connection with the plaintiff's conduct, and with the warning given by the conductor that he was 'going.' If it was manifestly negligent for the plaintiff, having only one hand, to attempt to board the train without the assistance of the conductor, then he should not have made the attempt, and if he knew it was negligent to make the attempt, with such knowledge, he brought about the injury by his own fault and want of care.

"In one of our well considered cases, our Court has said that a man must use his senses and his eyes, and must use ordinary care under the circumstances not to bring an injury to himself. But it would appear from the statements made in the complaint that up to this point there was not only no negligence on the part of the railroad company, but that from any act done up to this point, the plaintiff had not only not received any injury, but was not in danger of receiving any injury by anything that was done or said, and, therefore, there is up to this point no inference whatsoever of negligence growing out of the facts as stated. The only inference that can be drawn from the complaint is that the plaintiff, with a large trunk before his eyes, put his foot on the lower step of one of the coaches, when he was bound to have known that within the next instant he would be knocked from the train by coming in contact with the trunk, for he says that the trunk was there (it was broad open daylight), and just as he put his foot on the lower step he was violently hurled between the coaches by coming in contact with the trunk. His injury, therefore, was perfectly attributable to his own carelessness in attempting to board the train with this obstacle at hand, when he must have known the consequences that would follow. There is no allegation that he did not see the trunk, and if there had been such allegation, it must be concluded by natural law, that if he had his eyes open he could not have failed to have seen such an object, when it be taken in connection with his statement that the

train was moving 'slow,' and that as soon as he put his foot upon the first step he was violently struck by the trunk.

"The demurrer is, therefore, sustained, and the complaint is dismissed."

From this order plaintiff appeals.

*Messrs. J. Wm. Thurmond* and *S. M. Smith, Jr.,* for appellant, cite: *Contributory negligence cannot be considered on demurrer:* 19 S. C., 24; 62 S. C., 136; 42 S. C., 466; 69 S. C., 480. *Proximate cause is for jury:* 42 S. C., 466. *Not negligence per se for passenger to board a moving train:* 56 S. C., 94. *Inference of negligence is for jury:* 35 S. C., 331; 21 S. C., 549; 25 S. C., 59. *Duty of railroad company to passenger:* 66 S. C., 10; 39 S. C., 162; 2 Ency., 1 ed., 761, 764, 765; 58 Ga., 461; 66 Ga., 746.

*Messrs. Sheppard Bros.,* contra, cite: *Duty of railroad company to belated passenger:* 69 S. C., 453; Code, 1902, 2134. *Contributory negligence may be considered on demurrer:* 58 S. C., 49.

July 11, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal involves the correctness of the order of Judge Purdy sustaining the demurrer of defendant to the plaintiff's complaint, on the ground that the complaint fails to set forth the proper cause of action. It is thus necessary that the complaint and the demurrer thereto shall be reproduced. The complaint is as follows (the first paragraph is omitted, relating as it does to the corporate character of the defendant) :

"2d. That the plaintiff is informed, believes and alleges that said Charleston and Western Carolina Railway Company operates and owns, and at the time hereinafter mentioned did operate and own, a line of railroad from the city of Augusta, in the State of Georgia, to the city of Spartan-

burg, in the State of South Carolina, together with tracks, cars, locomotives and other appurtenances thereto belonging; and said line of railroad runs, and at the times hereinafter mentioned did run, through the county of Edgefield, in which county the defendant has, and at the times hereinafter named did have, offices and agents for the transaction of business.

"3d. That plaintiff is a resident and citizen of the county of Edgefield, State of South Carolina, and has been living in said county for many years.

"4th. That on August 1st, 1904, plaintiff was visiting at McCormick, a regular station on defendant's said line of railroad, in Greenwood County, in the State of South Carolina, and desiring to leave for his home on the passenger train scheduled to leave about 3 o'clock p. m., said plaintiff went out to defendant's depot, near which the passenger train he desired to take had stopped, and plaintiff went in the depot for the purpose of buying a ticket, upon which he meant to become a passenger on said train; but the defendant negligently, carelessly, wantonly and wilfully failed to have a ticket agent in said depot at said time, and the plaintiff waited in said depot for the purpose of buying a ticket for fully five minutes, and plaintiff saw the conductor of said train in the depot, and he told the said conductor, acting in the scope of his duties and agency, the plaintiff's business there, and the said conductor, acting in the scope of his duties and agency replied, 'The agent is not here, I am going, you had better get on the train,' and seemed to be in a hurry. And then they went out to the train, and the said conductor, acting in the scope of his duties and agency, directed plaintiff again to get on the train, and said conductor saw that plaintiff had only one hand, but negligently, carelessly, wantonly and wilfully failed to see or assist the plaintiff on the train, or hold said train until plaintiff had boarded it, but as soon as they came out of the depot to the train the said conductor signalled the engineer forward, and then boarded said train on the baggage car, and then and

there knew the said train would be in motion before plaintiff could board it, and the servants and agents of the defendant, acting in the scope of their duties and agency, and having control and management of the engine and said train of cars, negligently, carelessly, wantonly and wilfully moved the said train of cars before plaintiff could board the same, and when the nearest passenger coach was some thirty yards from the plaintiff, following the directions, negligently, carelessly, wantonly and wilfully given him by the conductor of the said train, plaintiff ran to meet the passenger coaches so that he could board the train, before it moved rapidly, and reached it while it was moving slow, and he caught the iron arm of the steps leading up to the platform of the coach attached to and being a part of the said train, and just as he put one foot on the bottom step of the steps leading up to the platform of the front part of the coach attached to and being a part of said train, a large trunk which the defendant then and there negligently, carelessly, wantonly and wilfully permitted to be on the premises of the defendant, where passengers got off and on trains passing on said line of railroad, near the railroad track on which said train was passing, and the trunk struck the plaintiff on the left hip and knocked him around between two of the coaches of the said train and plaintiff's feet drug along on the railroad track between the coaches, the wheels of the next rear coach almost touching his feet, but finally the plaintiff made a great effort and swung or threw himself around, opposite the arm of the step to which he was holding, and by that time the said train was moving rapidly and jerked and threw him loose from the train and he fell hard against the ground, whereby his back was sprained, wrenched and injured and made sore, and his nervous system was shocked and deranged and he was badly frightened, and the agents and servants acting in the scope of their duties and agency, then and there managing and controlling said train, negligently, carelessly, wantonly and wilfully ran off and left plaintiff, sick and in a crippled condition, and

gave him no attention whatever, and he was forced to remain in the town of McCormick until the next day at 10 o'clock a. m., before he could get a train to Parksville, a station on the said line of railroad where he desired to go.

"5th. That the plaintiff went upon the premises of the said defendant for the purpose of becoming a passenger on said train of defendant and had more money than enough to pay his fare, and actually boarded the said train as aforesaid as a passenger.

"6th. That the plaintiff was sick and suffering bodily pain and mental anguish from said injuries, which said injuries were caused by the negligence, carelessness, wantonness and wilfulness of the agents and servants of the defendant having the control and management of the said train and acting in the scope of their duties and agency, in not having the ticket agent in the station house or depot at the time aforesaid in time for passengers to buy tickets as advertised by the defendant; and by the negligence, carelessness, wantonness and wilfulness of the conductor of said train acting in the scope of their duties and agency and failing to see and help the plaintiff on the train when he knew the same would be in motion before the plaintiff could board it; and by the negligence, carelessness, wantonness and wilfulness of the servants and agents in charge of said train acting in the scope of their duties and agency in moving the said train and starting from said depot before the plaintiff had boarded the train; and by the negligence, carelessness, wantonness and wilfulness of the defendant and its agents and servants acting in the scope of their duties and agency in permitting the said large trunk to be on the premises of the defendant so near the said railroad track that persons boarding the train on that side, if the train were in motion, would come in contact with and strike against the said trunk; by reason of all and each of which said negligent, careless, wanton and wilful acts, plaintiff was injured as aforesaid.

"7th. That the said injuries and bruises and sickness were

caused by the negligence, carelessness, wantonness and wilfulness of the defendant as aforesaid.

"8th. That in consequence of said injuries and sickness and bruises the plaintiff has suffered great bodily pain, fright and mental anguish and is permanently injured in his person, and cannot perform his usual work and will never be able to pursue his calling as formerly, to his damage $5,000."

The grounds of demurrer are : "First. Because the allegations of the complaint do not show negligence on the part of the defendant.

"Second. Because it appears upon the face of the complaint that the injury the plaintiff may have received was caused by his own negligence and want of due care.

"Third. Because the allegations of the complaint show contributory negligence on the part of the plaintiff."

The Circuit Judge in a written order sustained the defendant's demurrer, which order must be reported.

After · judgment, the plaintiff appealed upon seven grounds.

We will pass upon these exceptions in their order; the first ground of appeal is as follows : "Because the presiding Judge erred in sustaining the demurrer interposed by the defendant to the plaintiff's complaint, and in dismissing the said complaint upon the ground that it does not state facts sufficient to constitute a cause of action; whereas, the complaint stated facts from which the inference of negligence of the defendant could be drawn. Second. The presiding Judge passed upon the question of contributory negligence, which was the question for the jury. Third. As to whose negligence was the proximate cause of the injury was a question of fact for the jury, and the Judge was without power to decide it on demurrer to the complaint."

We think that there is merit in this first exception, because when the conductor bade the plaintiff get aboard of this train and he saw that the plaintiff had only one arm

10—72

146            Talbert *v.* Railway Co.

and started with him to get on the train, the plaintiff was entitled to be allowed to do so before the conductor ordered the engineer to start his train. There were some allegations, therefore, of negligence of the defendant. Again: Contributory negligence arising as it is said from the defendant attempting to board a train in motion, acting as the plaintiff did upon the direction of the conductor himself, these allegations are beyond the Circuit Judge's power to pass upon. These were allegations of fact which the jury would test upon hearing the testimony bearing thereon. This view is clearly sustained by the opinion of this Court in *Creech* v. *the Railroad Company,* 66 S. C., 528, 533, 45 S. E., 86. It is there said: "We will first consider the complaint with a view to ascertaining whether it stated such contributory negligence on the part of the plaintiff as should defeat a recovery, as a matter of law. For the purpose of this question, we, of course, must assume that the complaint states a case of actionable negligence on the part of the defendant, for a question of contributory negligence cannot properly or logically arise unless the defendant has been guilty of negligence, which is a proximate cause of the injury. The case of *Jarrell* v. *Railroad Co.,* 58 S. C., 492, 36 S. E., 910, approved in *Elkins* v. *R. R. Co.,* 64 S. C., 561, 43 S. E., 19, shows that while contributory negligence is ordinarily a matter of defense, yet, if the complaint shows contributory negligence by the plaintiff, that would render the complaint demurrable for insufficiency, since it contained allegations which would defeat recovery on the cause of action alleged. With this rule in mind, the Circuit Court examined the complaint, and reached the conclusion that the facts stated did not show contributory negligence as matter of law."

We must remember that the defendant's train had been at a standstill for at least five minutes and that it did not begin to move until the conductor and the plaintiff were trying to get upon it. No inference by allegation appeared in the complaint as to plaintiff's negligence in thus trying

to board the train, or if any such inference could be drawn it would have been the work for the jury and not for the Circuit Judge. After a careful examination of the allegations of fact, we think that the demurrer should have been overruled, and we, therefore, sustain this exception of the appellant.

"Second. Because the presiding Judge erred in deciding that it was not negligence for the defendant to have no ticket agent in the office just before a regular passenger train was to depart; whereas, it was a question of fact for the jury whether it was negligence or not, for while it was not necessary to buy a ticket to be transported as a passenger, it was necessary to have a ticket to get baggage checked, and the defendant ought to have had an agent in the office to give information to passengers; it was a question for the jury." There is nothing in this exception, no act of the legislature requires ticket agent to remain in his office after the arrival of a train; though he must be there for thirty minutes preceding the arrival. The law supposes that a person will attend to the checking of his baggage before the arrival of the train. There is no allegation in this complaint that plaintiff had a trunk to be checked. This exception is overruled.

"Third. Because the presiding Judge erred in holding and deciding that the statement of the conductor to the plaintiff, 'I am going, you had better get on the train,' was a warning that the train was going to move, and not an invitation to get on the train; whereas, it was a question of fact for the jury whether the conductor's statements were a warning that the train was going to move and not attempt to board it, or an invitation to the plaintiff to board it." We sustain this ground of appeal. The Circuit Judge was in error when he passed on these allegations of the complaint, susceptible as they were of at least two constructions

"Fourth. Because the presiding Judge erred in deciding that if a natural inference be drawn from the complaint,

the plaintiff must have delayed further when he and the conductor went out to the train together; whereas, the inference is to the contrary, at any rate, this was a question of fact that could not be decided on demurrer, and was a question for the jury; and, further, it raises the question of contributory negligence, which Judge has no right to decide." We must sustain this exception. It is no part of the duty of a Judge in passing upon demurrer to the complaint to employ his time in drawing natural inferences outside of the allegations of the complaint. This exception is sustained.

"Fifth. Because the presiding Judge erred in holding and deciding, 'that plaintiff brought about the injury by his own fault and want of care, if it was manifestly negligent for the plaintiff, having only one hand, to attempt to board the train without the assistance of the conductor;' whereas, the word 'manifestly' is not used in the complaint at all, but it is alleged there that the train was moving slowly; the question was one for the jury to decide, whether the conductor was negligent in not helping on the train a man with only one hand, when he saw, the complaint alleges, that he had only one hand, or whether plaintiff was guilty of contributory negligence."

This Court, in the case of *Madden* v. *R. R. Co.*, 35 S. C., 381, 383, 14 S. E., 713, where the question was as to error of the Circuit Judge in overruling the demurrer based upon the ground that the complaint did not state facts sufficient to constitute a cause of action, held: "To sustain an action like this, it is necessary for the plaintiff to allege and prove that she has been injured in her person by the negligence of the defendant, the cause of action being the negligence of the defendant, whether of omission or commission. followed by some injury resulting therefrom. There being no question that the fact of injury is sufficiently alleged in the complaint, the only inquiry is, whether the other element in the cause of action—the negligence of the defendant causing the injury—has likewise been sufficiently alleged.

Negligence being a mixed question of law and fact, it is not sufficient to allege in general terms that an injury has been sustained by reason of the negligence of the defendant, but the plaintiff must go on and allege the facts constituting such negligence which, if believed by the jury, would be sufficient to warrant a finding that the defendant had been guilty of negligence. So that the real inquiry here is, whether the facts stated in the complaint as constituting negligence are such as, if believed by the jury, negligence *may be* reasonably inferred by the jury, it being exclusively for the jury to say whether negligence *ought to* be inferred from such facts."

In that same case, it is a question as to what aid should be rendered by the conductor to a person apparently infirm and whose infirmity was known to the conductor, the question of negligence was a question for the jury. This exception is sustained.

"Sixth. Because the presiding Judge erred in holding and deciding, 'There is no allegation that he did not see the trunk, and if there had been such allegation it must be concluded by natural law, that if he had his eyes open he could not have failed to have seen such an object, etc.;' whereas, on demurrer nothing can be added to or inserted in the complaint, that the plaintiff did not put there, and no inference can be drawn from the complaint that the plaintiff saw the trunk, from the fact there stated, and the rule is, that a person is supposed to act with care until the contrary be shown; at any rate, whether the defendant was negligent in allowing the trunk to be on the premises, and whether plaintiff was guilty of contributory negligence in boarding the train at the time he did, and whether the defendant exercised extraordinary care protecting its passenger, the plaintiff, were questions that should have gone to the jury, and not decided by the presiding Judge on a demurrer to the complaint." We sustain the exception for the reasons set up by the appellant.

"Seventh. Because the presiding Judge erred in not over-

ruling the demurrer to the complaint, and in not deciding that the complaint stated facts sufficient to constitute a cause of action, as the statement of facts gave inferences of negligence on the part of the defendant, as to each and all the causes of action jumbled therein, the complaint was sufficient, if there was an inference of negligence of the defendant as to any one of the causes of action therein set up." This seems to be a rehash of the exceptions already considered. Having sustained them, we sustain this also.

It is the judgment of this Court, that the judgment of the Circuit Court sustaining the demurrer herein is overruled and reversed, and that this action is remitted to the Circuit Court for such further action as may be necessary.